No. 26,173.

DORA BECKER, *Appellant,* v. W. H. PORTER, *Appellee.*

SYLLABUS BY THE COURT.

1. LIMITATIONS OF ACTIONS—*Application to Torts.* In an action for tort the statute of limitations begins to run from the time of the tort.

2. SAME—*Commencement of Action—Amendment of Defective Pleadings.* A petition in an action for tort which states no cause of action, because of the time of the tort alleged therein, does not toll the running of the statute of limitations.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed November 7, 1925. Affirmed.

*F. J. Oyler, W. H. Anderson* and *G. M. Lamer,* all of Iola, for the appellant.
*Frank R. Forrest,* of Iola, for the appellee.

---

1. Limitations of Actions, 37 C. J. § 248; 17 R. C. L. 764. 2. Id., 37 C. J. § 562; 3 L. R. A., n. s., 293; 17 R. C. L. 814 *et seq.*

Becker v. Porter.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by the plaintiff from an order sustaining a demurrer to a third amended petition and rendering judgment for defendant in an action against a dentist for malpractice. The question involved is whether the action is barred by the statute of limitations.

The petition, filed December 9, 1921, after alleging the profession of defendant and his employment, averred that defendant began treating plaintiff's tooth about March 15, 1917, and continued to treat it until about December 20, 1919. That at some time within that period, while drilling the tooth and filling it, defendant negligently broke off a portion of the drill, left the broken portion in the root of the tooth, even extending through into the jawbone, and placed a filling in the tooth, which resulted in injury to plaintiff, the particulars of which were set out and damages claimed therefor. It was further alleged that the negligence of defendant was not known to plaintiff nor discovered by her until she had the tooth extracted September 26, 1921.

This petition was attacked by motion to make more definite and certain by stating the date of the negligence complained of, and also to strike out certain portions of the petition. This motion was sustained. Plaintiff filed an amended petition containing substantially the same allegations as the first, but fixing the time of the negligence as "about September, 1917." A motion to strike out the portion of the petition previously ordered stricken therefrom, but incorporated in the amended petition, was sustained, and plaintiff filed a second amended petition complying with the order of the court. Defendant's demurrer to this was overruled on the authority of *Gillette v. Tucker*, 67 Ohio St. 106. That was an action against a surgeon for malpractice, consisting of negligently leaving a sponge in a patient after an operation, where it remained for many months until after the relation of patient and surgeon ceased, and the judgment of the court below was affirmed by an equally divided court. The opinion of affirmance was upon the ground that the statute of limitations did not begin to run in favor of the surgeon until the termination of such relation, "because until that time it was his constant duty to remove such sponge." The dissenting opinion expressed the view that the statute began to run from the time of the negligence, that

is, when the sponge was left in the patient. In this case the trial court expressed his judgment as in accord with the view expressed in that dissent.

. On March 4, 1924, plaintiff, by leave of court, filed a third amended petition containing substantially the same allegations as the previous petition except that the period of treatment was given as from March 15, 1918, to January 20, 1920, and the time of the negligence complained of was fixed as "about December, 1919." On the hearing of the demurrer to this petition the court's attention was called to the case of *McArthur v. Bowers*, 72 Ohio St. 656, in which the court overruled *Gillette v. Tucker*, supra, and sustained the view expressed in the dissent. It was there held that the statute of limitations in an action for tort begins to run from the time of the tort. This holding is in accord with the decisions of this court in *Railway Co. v. Dale*, 68 Kan. 108, 74 Pac. 596, where it was said:

"It is a general rule that in cases of tort arising *quasi ex contractu* the statute commences to run from the date of the tort and not from the occurrence of the actual damage."

In each of the petitions plaintiff alleged that the negligence of defendant was not discovered until the tooth was extracted, September 26, 1921. Although the point is not pressed in this court, it was argued in the court below that this failure or inability to discover the negligence tolled the running of the statute. There is no merit to this contention. The provision of our statute (R. S. 60-306, third clause), which provides that an action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud, has no application to an action in tort based upon negligence of the defendant which resulted in personal injury to plaintiff.

The amended petition and second amended petition, which fixed the time of the negligence September, 1917, showed on their face that the cause of action was barred even when the original petition in this case was filed, and it is not seriously argued now that those petitions stated a cause of action. It is clear they did not do so, for the two-year statute of limitations, it is conceded, applies to the case, for the reason that the petition is framed in tort rather than upon implied contract.

Plaintiff's real contention in this court is that since the first three petitions filed indefinitely fixed the time of the injury by stating it to be some time within the period of treatment therein stated, or

Becker v. Porter.

inaccurately stated it by fixing the time as about September, 1917, an amendment which definitely fixes the time at a date so the action would not be barred when the original petition was filed, states a good cause of action. In other words, it is argued that the definite date of the negligence now stated in the third amended petition as being about December, 1919, for the purpose of determining whether the action is barred by the statute of limitations, relates back as though incorporated in the original petition, and since the original petition was filed within two years of the tort as now stated, the action is not barred. That reasoning is defective for two reasons: First, plaintiff has not even in the last amended petition given a definite date of the negligence complained of, nor one sufficiently definite that it can be determined with certainty whether the original petition was filed within two years from such date. It will be noted that the original petition was filed December 9, 1921. Two years prior to that date would be December 9, 1919. The last petition fixes the date of the negligence as about December, 1919. This may mean as early as November, or certainly any time in December prior to the ninth, which would still show the action to be barred; but we shall not base our decision on this point alone. The second reason, and the one which controlled the trial court, is that a petition which does not state a cause of action does not toll the running of the statute of limitations. (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189, and see extensive notes on this case where it is reported in 3 L. R. A., n. s., 259, especially p. 297. See, also, *Becker v. Railway Co.,* 70 Kan. 193, 78 Pac. 408; *Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254; *Beneke v. Bankers Mortgage Co.,* 119 Kan. 105, 237 Pac. 932; *Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693; *Taylor v. Swift & Co.,* 114 Kan. 431, 219 Pac. 516; *Burke v. Unger,* 88 Okla. 226; *Tiller v. St. Louis & S. F. R. Co.,* 189 Fed. 994.)

The original petition was manifestly so indefinite as to the time the tort was committed that defendant should not be expected to go to trial on it, and the court properly sustained the motion to make it more definite and certain in that regard. Both the amended petition and the second amended petition fixed the time of the tort at a date more than two years prior to the filing of the original petition, hence neither of them stated a cause of action. Since they did not state a cause of action, the time they were pending in court did not toll the running of the statute.

The judgment of the court below will be affirmed.