No. 43,747

Wilbur Dean Hill, *Appellant*, v. L. Claire Hays, M. D., *Appellee*.

(395 P. 2d 298)

Opinion filed July 14, 1964.

*Harold Medill*, of Independence, argued the cause, and *Frank T. McCoy* and *Robert P. Kelly*, both of Pawhuska, Oklahoma, were with him on the briefs for the appellant.

*John M. Wall*, of Sedan, and *Kirke W. Dale*, of Arkansas City, argued the cause, and *Donald Hickman*, of Arkansas City, was with them on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment sustaining a demurrer to a petition in an action to recover damages for malpractice by a physician.

The original petition was filed on August 27, 1962. A motion to make definite and certain was lodged against the petition which was sustained in part. An amended petition was filed on February 11, 1963.

The original petition differs from the amended petition in only one controversial respect. We will state the facts as alleged in the amended petition but quote from both the allegations which are made an issue.

The plaintiff, a man twenty-nine years of age, was involved in a motorcycle accident on May 28, 1960. He suffered an injury to his left shoulder known as an acromio-clavicular separation, the outward physical appearance being a knot on the end of his shoulder. Plaintiff consulted defendant relative to treatment of his injury. The defendant assured plaintiff that he was competent to repair plaintiff's injured shoulder and undertook the treatment of the injury sustained. The care and treatment took place from May 28, 1960, through August 27, 1960.

The treatment consisted of inserting a pin through his shoulder attempting to hold the acromio-clavicular joint in position. The pin was inserted on May 29, 1960, and broke on or about June 20, 1960. On or about June 21, 1960, a second and larger pin was inserted in plaintiff's shoulder. Thereafter an infection developed in the plaintiff's arm as a result of the intrusion of the second pin and the pin was removed about the last week in July, 1960.

". . . Thereafter, the defendant continued treating the plaintiff, the exact nature of the treatment the plaintiff does not know but occassioned visits to the Doctor's office at the Doctor's request on six occasions thereafter, the last one being on August 27, 1960, at which time plaintiff was advised he could return to work on August 29th and to return back to the Doctor's office in two weeks. Immediately upon removal of the pin, a knot still remained on plaintiff's left shoulder the same as at the time he consulted defendant for treatment, but that defendant stated to the plaintiff that his shoulder would be just as strong or even stronger than ever. In truth and in fact the said injury did not heal, has not healed, and remains in the same general condition it was in when the plaintiff sought the services of the defendant in the treatment of the said injury."

The original petition alleged that the defendant was negligent in the treatment of the injury in the following respects:

"1. The failure to establish a ligament between the clavical and the coracoid process.

"2. Failure to reduce the dislocation of the acromio-clavicular joint.

"3. The abandonment of any further treatment and advising the plaintiff that the injury was healed.

"4. Failure to use proper technique in treating the said injury.

"5. Failure to properly sterilize pin used and disinfect the shoulder, resulting in infection and pus forming around the second pin."

The defendant's motion to make definite and certain lodged against the original petition included, among others, a request that the plaintiff set forth and describe the "proper technique" which defendant failed to use in treating the injury as alleged in paragraph 4 quoted above. The motion was sustained.

The amended petition alleged that the defendant was negligent in treating the injury in the following respects:

"A. The failure to establish a ligament between the clavical and the coracoid process.

"B. Failure to reduce the dislocation of the acromio-clavical joint.

"C. Using improper size of pin and using only a pin to hold joint in position without reestablishment of ligaments to hold joint in place after removal of pin.

"D. Failure to properly sterilize pin used and disinfect the shoulder resulting in infection and pus forming around the second pin."

It will be noted that the plaintiff, rather than make the allegation definite and certain, dropped from the petition the specific charge that the defendant failed to use "proper technique" in treating the injury. Plaintiff also deleted another specific charge of negligence —"the abandonment of any further treatment"—without any suggestion from the trial court.

The allegations pertaining to the amount of damages need not be considered as we are only concerned with whether the petition states a cause of action for damages.

The defendant demurred to the amended petition for the reason that it failed to state facts sufficient to state a cause of action. The trial court sustained the demurrer. Although the grounds on which the demurrer was sustained are not specifically stated, it is clear from the arguments in the briefs that the demurrer was sustained on the single ground that the petition showed on its face that the action was barred by the statute of limitations. The plaintiff has appealed.

We will first give attention to appellant's complaint that the trial court erred in requiring him to make the general allegation of failure to use proper technique definite and certain. The appellant contends that the ruling required him to plead his evidence and affected the nature of this pleading. We fail to see why the appellant could not plead in general terms what it contended constituted the proper technique in treating the injury without pleading evidence.

Motions to make definite and certain rest in the sound discretion of the trial court and ordinarily appeals from rulings thereon will

not be entertained unless it appears the rulings affect a substantial right. (*Klepikow v. Wilson*, 189, Kan. 66, 366 P. 2d 800; *Wescoat v. State Highway Commission*, 187 Kan. 228, 356 P. 2d 841; *Broberg v. Boling*, 183 Kan. 627, 331 P. 2d 570; *Billups v. American Surety Co.*, 170 Kan. 666, 228 P. 2d 731; *Howell v. Flora*, 155 Kan. 640, 127 P. 2d 721; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469.)

The appellant elected to delete the allegation rather than make it definite. The deletion did not affect the cause of action or the nature of the proof.

Imbedded in the allegations that the technique used by the appellant was improper was the converse factual conclusion that the proper technique was not used in treating the injury. It may also be stated that evidence as to the proper technique would be admissible to establish the fact that improper technique was used if the action reached that stage.

It cannot be said that any substantial rights of the appellant were affected by the ruling on the motion to make definite and certain.

Approaching the more substantial issues it is agreed that a malpractice action is based on negligence and governed by the provisions of G. S. 1949, 60-306, *Third*, which limits the commencement of such an action to two years after the cause of action shall have accrued, *i. e.*, when the negligent act occurred.

Appellant contends that the statute of limitations did not commence to run on his cause of action until the relationship of patient and physician relative to the particular injury and treatment had ceased to exist.

Appellant cites numerous cases from other jurisdictions in support of his contention. Without analysing the numerous cases cited, it must be conceded that appellant's contention is supported by considerable authority. However, it does not appear to be the general rule. (41 Am. Jur., Physicians and Surgeons, § 123.) It has never been the law in this state. This court has adherred to the rule that the cause of action accrues and the statute of limitations begins to run on an action for malpractice at the time the tort is committed. The time in which the action must be brought is not tolled by the fact that the relationship of physician and patient continues to exist. In *Becker v. Floersch*, 153 Kan. 374, 110 P. 2d 752 it is stated in the syllabus:

"Rule followed that an action for malpractice is barred in two years from the time such wrongdoing was committed; and the statutory time within which to

bring the action was not extended beyond two years merely because plaintiff remained for a time under the professional care of defendant after the alleged malpractice was committed." (See, also, *Becker v. Porter*, 119 Kan. 626, 240 Pac. 584.)

This court may not approve of the law announced above, however, it does not make the law as to the limitation of time in which an action may be brought. There was no time fixed for the bringing of actions under the common law other than the equity rule of laches. Limitations are created by statute and are legislative, not judicial acts. (53 C. J. S., Limitations of Actions, § 2, p. 905.)

The legislature has specifically stated that the statute of limitations begins to run on an action such as is now before us when the cause of action accrues. It is provided in G. S. 1949, 60-306 insofar as material here as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

. . . . . . . . . .

"*Third.* Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

It will be noted that although the legislature designates four different types of actions in the subsections it only made an exception as to one, *i. e.*, fraud and its discovery. This court has adhered to the rule in numerous decisions that the enumeration by the legislature of specific exceptions to a statute of limitations excludes all others by implication. (*Christensen v. Garden City Cooperative Equity Exchange*, 192 Kan. 785, 788, 391, P. 2d 81, and cases cited therein.)

We are forced to conclude that any charge of negligence based on either acts of commission or acts of omission which occurred prior to August 27, 1960, is barred by the statute of limitations, and the limitation of time in which action may be brought is not extended by the fact that the relationship of physician and patient may have continued for a limited time thereafter, in this case only one day.

The appellant further contends that its action was filed August 27, 1962, and that the statute of limitations did not bar an action

for negligence which occurred on August 27, 1960. Appellant argues:

". . . Plaintiff contends it was defendant's duty as a physician to render to plaintiff the necessary professional services needed to treat and repair plaintiff's injury; that this duty existed on May 28, 1960 and continued to exist until at least August 27, 1960, when the plaintiff was released by the defendant to return to work on August 29, 1960; that it was a continuing negligence on the part of the defendant to leave plaintiff's injured shoulder in the same condition during all the time plaintiff was under the care and treatment of the defendant when said injury could have been corrected and repaired had the defendant not been negligent in his treatment of plaintiff's injury. . . ."

We do not believe the appellant's argument leaves him sufficient ground on which to stand. If appellee's negligences consisted of not having corrected the injury on August 27, 1960, it was the duty of the defendant to return for further attention as directed. No specific acts of negligence are charged as occurring on August 27, 1960. There could be no negligent acts on that day unless they are assumed from the failure to obtain a complete remedy of the injury on the specific date.

Negligence of a physician cannot be presumed from mere failure to obtain the best results from an operation or treatment. (*Paulich v. Nipple,* 104 Kan. 801, 180 Pac. 771.)

If the best results had not been obtained in treating appellant's injury on August 27, 1960, there being no specific acts of negligence alleged as of that date, the negligence acts of commission or omission, if any, must have occurred prior thereto.

We must conclude, as did the trial court, that the petition shows on its face that any cause of action attempted to be stated was barred by the statute of limitations and the demurrer to the petition was properly sustained.

The judgment is affirmed.

APPROVED BY THE COURT.