No. 45,376

FREETO CONSTRUCTION Co., *Appellant,* v. AMERICAN HOIST & DERRICK
Co., and WARNER-SWAZEY MANUFACTURING Co., INC., *Appellees.*

(457 P. 2d 1)

Opinion filed July 17, 1969.

*Lawrence G. Zukel,* of Olathe, argued the cause, and *John B. Towner,* of
Pittsburg, was with him on the brief for the appellant.

*Perry L. Owsley,* of Pittsburg, argued the cause and was on the brief for the
appellee, American Hoist & Derrick Co.

*Douglas G. Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson*
and *David Mullies,* both of Fort Scott, were with him on the brief for the
appellee, Warner-Swazey Manufacturing Company, Inc.

The opinion of the court was delivered by

KAUL, J.: .Plaintiff-appellant appeals from an order of the trial
court which sustained motions for defendant and third party de-

fendant for dismissal of plaintiff's action. The motions were made at pretrial conference and were based on the ground that plaintiff's action was barred by applicable statutes of limitation.

For convenience the appellant will be referred to as Freeto or plaintiff and appellees as American Hoist and Warner-Swazey or collectively as defendants.

There is no dispute in the facts which are collected from the pleadings, interrogatories and statements of counsel at a pretrial conference.

The action was instituted by Freeto to recover damages sustained by it for repairs and loss of use resulting from the breakdown of a self-propelled truck crane sold to Freeto by American Hoist. The crane carrier was manufactured by Warner-Swazey and delivered to American Hoist, who manufactured the hoist, assembled it on the carrier and sold and delivered the completed crane, through its distributor, to Freeto.

The sole issue presented concerns the application of appropriate statutes of limitation. This necessitates a recitation of events in chronological order.

On March 25, 1958, Warner-Swazey having manufactured the carrier, delivered it to American Hoist.

On May 7, 1959, American Hoist having manufactured the hoist, attached it to the carrier, sold and delivered the assembled truck crane, through its distributor, to Freeto.

On September 25, 1964, when being used in Freeto's business the crane failed while carrying a load which was allegedly within the load limits stated in literature of American Hoist concerning the particular model truck crane. Specifically, two large bolts attaching the outrigger frame of the hoist to the frame of the carrier gave way, causing the load to shift and fall, extensively damaging the crane and the load which consisted of a section of an asphalt plant.

On September 24, 1966, one day short of two years from the date of the crane failure, Freeto filed its petition in abbreviated notice form against American Hoist. Freeto alleged American Hoist was negligent in the construction of the crane and that "this negligence amounted to a breach of express warranty of implied fitness for a particular purpose."

Summons and a copy of the petition were served on American Hoist on September 28, 1966.

On November 9, 1966, American Hoist filed its answer to Freeto's

petition and a third party petition against Warner-Swazey. Summons was served on Warner-Swazey on November 23, 1966, making it a third party defendant.

Interrogatories were submitted and answered by which the chronology of events was developed.

On February 6, 1967, American Hoist filed a supplemental answer alleging that Freeto's action was barred by the statute of limitations.

After further interrogatories were submitted and answered, a pretrial conference was convened on September 22, 1967. The dates of events, heretofore recited, were stipulated to by the parties, issues were defined and at the conclusion of the conference the court carefully dictated a pretrial order in the presence of counsel. The court concluded the order with the following directions:

"The reporter will transcribe this pretrial order and mail copies to counsel at least seven days before it is filed with the Clerk. During that time counsel will please advise the court of any errors or omissions in the pretrial order or any corrections or additions that should be made thereto."

The trial court served the pretrial order upon counsel on October 12, 1967, and filed it October 23, 1967. No objections were made to the order as drawn.

The pretrial order contained the following statement of the court:

". . . The action is one on contract for breach of express and implied written and oral warranties of fitness for a particular purpose. . . ."

Following the pretrial conference, Warner-Swazey filed a motion for summary judgment alleging that as against it the petition and third party petition were barred by the Kansas Statutes of Limitation.

Briefs of all parties dealing with the application of statutes of limitation were submitted and, on February 7, 1968, the trial court filed a memorandum decision. The trial court held that both the action of Freeto and the third party action of American Hoist were founded in contract and barred by the applicable statute of limitations.

Freeto filed a notice of appeal, directed to both American Hoist and Warner-Swazey.

Warner-Swazey contends the appeal as to it should be dismissed since Freeto sought no judgment against it and American Hoist has not appealed from the order dismissing its third party action. Because of our disposition of this appeal, it is not necessary to deal with Warner-Swazey's position in this regard.

In its memorandum decision the trial court recited the chronology of events, as we have related, set out the contentions of the parties and legal principles applicable, and decided the issues as follows:

"5. The court finds that the action is one for breach of contract. The suit was not filed alternatively in contract and tort, but was filed as a breach of contract action. That is established by the petition and by the court's pretrial order of September 22nd, 1967. An action for breach of contract, for breach of an implied or express warranty, accrues at the time of the breach (*Price, Admr. v. Holmes,* 198 Kan. 100, 422 P. 2d 976), and this would be on the date the truck crane was delivered to the plaintiff, May 7, 1959. Accordingly, both the five and three year limitations provided by K. S. A. 60-511 and 512 expired prior to the filing of the petition herein and the action is barred.

"6. The court has not overlooked plaintiff's contention that the warranty was prospective rather than present; however, under the facts, it is apparent that the warranty was not as to the condition of the crane on some future date or what it would do on some future period, but the warranty was as to the condition and capabilities of the crane at the time of delivery, and the court finds that the warranty was a present warranty at that time. It is interesting to note that K. S. A. 84-2-725 (2), a portion of the Uniform Commercial Code enacted by the 1965 Legislature (which provision was not effective at the times herein involved) provides specifically that a breach of warranty occurs at the time of delivery except where a warranty explicitly extends to future performance. Perhaps that was the law of Kansas prior to the enactment of that section of the U. C. C. However, in the instant case there was no warranty explicitly extending to future performance so far as the court is informed, and if the section were applicable it would not aid plaintiff.

"7. Many prior cases of the Kansas Supreme Court have stated the rule that an action for breach of contract accrues when the breach occurs rather than on the date the actual damage results from the breach. It appears to this court that any change in this rule must come from the Legislature; and that neither the Code of Civil Procedure nor the Uniform Commercial Code alters the law in this regard.

"8. The court concludes that both the action of plaintiff and the third-party petition (which also is founded in contract) are barred by the applicable statutes of limitation and this case should be dismissed at plaintiff's costs. Counsel for defendant American Hoist will please prepare an appropriate journal entry."

It should be noted the trial court did not specifically find whether the action was for breach of an express warranty, written or oral, or of an implied warranty. This question was probably not susceptible to determination by the trial court at that stage of the litigation. Apparently, the court considered Freeto's petition and statements by counsel broad enough in this respect to allow proceeding on either premise in the alternative. Be that as it may, the trial court proceeded to dispose of the action on either theory

by applying a five-year limitation to an action on a written contract under Laws of 1965, Chapter 354, Section 12, effective January 1, 1966, now K. S. A. 1968 Supp. 60-511 and a three-year limitation to an action on an oral or implied contract under K. S. A. 60-512.

Freeto first takes issue with the trial court's ruling that the action is one founded in contract.

In its brief, Freeto concedes the petition to be admittedly ambiguous but argues that it sufficiently apprises defendant (American Hoist) of the nature of the action so that it could be submitted as a tort action on the theory of ordinary negligence in the design and manufacture of the crane, or on the theory of a breach of warranty for a particular purpose, even though either theory was not strictly framed by the pleadings or pretrial order.

As a tort action, Freeto says its petition was timely filed within the limitation of K. S. A. 60-513(2), now K. S. A. 1968 Supp. 60-513(2), applicable to actions for injury to personal property, since the action was filed one day within the two-year period following the breakdown of the crane. Applying a further proviso of 60-513 Freeto claims its cause of action in tort did not accrue until the breakdown on September 25, 1964, when injury was first caused which was well within the ten-year limitation applicable to an action for injury to personal property under such circumstances. It should be noted the proviso referred to is not found in 60-511, *supra*, pertaining to actions on written contracts or in 60-512, *supra*, pertaining to actions on oral or implied contracts.

American Hoist and Warner-Swazey answer Freeto's argument by pointing out that the trial court recorded the statement of Freeto's counsel, that the action was based on contract, and that no objection was made by Freeto when the pretrial order was dictated by the court or later when the order was submitted to counsel. Defendant's claim that since Freeto made no attempt to amend its theory or to modify the pretrial order, the subsequent course of the action is controlled thereby.

We are compelled to agree with the position adopted by defendants.

The purpose and effect of a pretrial order is clearly defined by the statutory and case law of this state. K. S. A. 60-216 provides for procedure and matters to be considered at pretrial conference. With respect to a pretrial order the statute directs:

". . . ; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. . . ."

The force of a pretrial order under the provisions of 60-216, *supra,* was noted in *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912, where we stated:

". . . Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice (K. S. A. 60-216). . . ." (p. 519.)

As we have already noted, Freeto made no attempt before the trial court to amend the theory of its action or to modify the pretrial order. It follows the pretrial order must control the subsequent course of the action. (*Trimble, Administrator v. Coleman Co., Inc.,* 200 Kan. 350, 437 P. 2d 219; *Evangelist v. Bellern Research Corporation,* 199 Kan. 638, 433 P. 2d 380; *Brown v. Hardin,* supra; *Owen v. Schwartz,* 177 F. 2d 641, 14 A. L. R. 2d 1337.)

Having determined the action was one for breach of contract, the trial court correctly ruled that whether it be for breach of an express or of an implied warranty the action accrues at the time of breach. In this case the breach occurred when the crane was sold and delivered, having been allegedly designed and assembled in a manner inadequate to sustain the warranted load capacity.

In *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 337 P. 2d 986, the action was against the estate of a deceased plumbing contractor to recover damages sustained by the owner of a new house, resulting from the installation of plumbing fixtures in a negligent and unworkmanlike manner. The controlling question was whether the action survived the death of the deceased plumbing contractor which in turn depended upon when the cause of action accrued. This court resolved the question by holding that an implied warranty stemmed from the contractual relationship between the parties and that the implied warranty was breached when the plumbing was installed and the job completed. In the opinion we find the applicable rule succinctly stated and supported by ample authority:

". . . Where there is a contractual relationship between the parties, the plaintiff's cause of action accrues when the contract or agreement is breached. (*Regier v. Amerada Petroleum Corp.,* 139 Kan. 177, 181, 182, 30 P. 2d 136; *Dougherty v. Norlin,* supra; *Rex v. Warner,* 183 Kan. 763, 769, 770, 332 P. 2d 572.) See, also, *Rucker v. Hagar, et al.,* 117 Kan. 76, 230 Pac. 70.

"In 1 Am. Jur., Actions, § 62, p. 453, the rule is stated as follows:

" 'A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury it has occasioned him. . . .'

"Since it is the breach of a contractual duty—here, an implied warranty—which gives rise to the cause of action, claimant could have proceeded immediately following that breach whether or not actual damage had resulted, and would have been entitled to recover nominal damages, if nothing more (12 Am. Jur., Contracts, § 388, p. 965; 25 C. J. S., Damages, § 9, p. 466, 467). . . ." (pp. 507, 508.)

Although the question in *Crabb* did not involve the statute of limitations, we believe the factual background there, and the legal issue framed relative to the accrual of an action for breach of warranty, to be so analogous as to be controlling here. It is to be noted the Kansas cases cited in the above quotation from the *Crabb* opinion deal with the application of the accrual of action rule as applied to either breach of contract or breach of warranty with respect to the application of the appropriate statute of limitations. The observations of the trial court in paragraph No. 7 of its memorandum decision is quite similar to language found in several of the cases mentioned.

The decision in *Crabb* was discussed and the principles announced therein were applied in the more recent case of *Price, Administrator v. Holmes,* 198 Kan. 100, 422 P. 2d 976, wherein the court was again confronted with a survival of action problem.

Finally, Freeto makes the alternative contention that even though its action is for breach of contract, nevertheless the trial court erred in finding the warranty sued upon to be a present warranty rather than prospective and continuing.

On this point we are again in agreement with the trial court's finding that there are no facts in the record suggesting a warranty as to the condition or capability of the crane on a date more than five years after its sale and delivery. We think it safe to assume that if there were any written or oral warranty as to condition or capability for any specified time, after delivery or any premise upon which such a warranty might be implied, the facts giving rise to a basis therefor would certainly have appeared in the record at the instance of plaintiff.

Freeto cites *Naaf v. Griffitts,* 201 Kan. 64, 439 P. 2d 83. The case involved the proof of a seller's express warranty that heifers would calve during a certain period and timeliness of notice of the alleged breach of warranty. We find nothing in the opinion which would tend to support Freeto's claim of prospective warranty in the instant case.

As noted by the trial court, the Uniform Commercial Code, enacted in 1965, does not effect this action. However, we believe the provisions of K. S. A. 84-2-725 to be substantially in accordance with decisions of this court, in particular with the principles set out in *Price, Administrator v. Holmes,* supra; *Crabb v. Swindler, Administratrix,* supra; *Challis v. Hartloff,* 136 Kan. 823, 18 P. 2d 199.

The judgment is affirmed.