No. 47,174

Doris Ruthrauff, Administratrix, c. t. a. of the Estate of Helen F. Smith, Deceased, *Appellant*, v. Lyle Kensinger d/b/a Kensinger-Haight Construction Company, and Johnnie White, Sr. d/b/a White Plumbing Company, *Appellees*, and City of Chanute, Kansas, a municipal corporation, *Defendant*.

(519 P. 2d 661)

Opinion filed March 2, 1974.

*J. L. Weigand, Jr.*, of Wichita, argued the cause, and *Dennis L. Gillen*, also of Wichita, was with him on the brief for the appellant.

*Jack L. Lively*, of Coffeyville, argued the cause, and *William D. Coombs*, of Balch & Briley, of Chanute, and *William A. Hensley*, of Wichita, were with him on the brief for Lyle Kensinger d/b/a Kensinger-Haight Construction Company, appellee.

*Raymond L. Dahlberg*, of Turner, Chartered, of Great Bend, argued the cause, and *Lee Turner*, of the same firm, was with him on the brief for Johnnie White, Sr. d/b/a White Plumbing Company, appellee.

The opinion of the court was delivered by

Fromme, J.: This action arose from a gas explosion and fire

which destroyed the residence of Mr. and Mrs. Robert Smith on September 17, 1970. Mrs. Smith was severely burned and died twelve days later as a result of the injuries she received. The administratrix c. t. a. of the estate, who filed the present action on September 15, 1972, will be referred to as the plaintiff. The action was brought against Lyle Kensinger d/b/a Kensinger-Haight Construction Company, who contracted and built the house in May, 1959, and against Johnnie White, Sr. d/b/a White Plumbing Company, who subcontracted the plumbing and installed the gas pipes in said house. Claim was also filed against the city for the alleged failure to odorize the natural gas which it furnished to the residence; this claim is still pending in the court below.

Summary judgment was entered by the trial court in favor of both Kensinger and White based on the statutes of limitation.

The plaintiff appeals.

A few preliminary facts are necessary to understand the questions posed on appeal. Kensinger and White completed their last work on this residence in May, 1959. Kensinger sold the house to Charles Hall on May 31, 1960. On December 5, 1969, Charles Hall sold the house to Mr. and Mrs. Smith. On September 17, 1970, an explosion and fire occurred which caused the death of Mrs. Smith. The present action was filed on September 15, 1972, within 2 years from the date of the explosion and fire.

K. S. A. 60-510 provides:

"Civil actions, other than for the recovery of real property, can only be commenced within the period prescribed in the following sections of this article, *after the cause of action shall have accrued."* (Emphasis supplied.)

K. S. A. 1973 Supp. 60-513, which was in effect at the time the present cause of action accrued, provides:

"The following actions shall be brought within two (2) years: (1) An action for trespass upon real property.

"(2) An action for taking, detaining or injuring personal property, including actions for the specific recovery thereof.

"(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered.

"(4) *An action for injury to the rights of another, not arising on contract, and not herein enumerated.*

"(5) An action for wrongful death.

"(6) An action to recover for an ionizing radiation injury as provided in sections 2, 3 and 4 [60-513a, 60-513b and 60-513c] of this act.

"*The cause of action in this section shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or,*

*if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action.*" (Emphasis supplied.)

In entering summary judgment in favor of Kensinger and White the trial court based its decision on the 10 year provision contained in the last clause of the final paragraph of 60-513, *supra,* and said:

"The paragraph explicitly provides in its inception that it applies to the entire section and its significance for our purpose lies in referring the ten year bar not to the cause of action, but to the act giving rise to the cause of action. To this Court the meaning is not debatable. No cause of action can arise if more than ten years have elapsed since the alleged wrongful act."

It is admitted that any negligent act or acts of Kensinger and White, which in anyway contributed to the explosion, would have had to occur in 1959. This would be more than 10 years before the explosion and fire. The plaintiff-appellant contends the 10 year provision was intended to apply only to those cases where substantial injury occurs but the fact of injury is not reasonably ascertainable until some time after the initial injury. Plaintiff further argues that the 10 year provision should not be construed to apply to those cases where the initial injury and the fact of injury are simultaneous and immediately ascertainable. Plaintiff points out that if the trial court's decision is correct the plaintiff is foreclosed from bringing the action before the action accrued. In other words plaintiff says the court interprets the statute not as a limitation on the period in which the cause of action may be commenced but as an absolute bar which destroys the right of action before it accrues.

The appellees, on the other hand, argue in support of the trial court's decision that the negligent act causing the explosion was the defective installation of the gas pipes, that the 10 year period of limitation provided in the last paragraph of the statute was made to run from the time of the act giving rise to the cause of action and that the final paragraph by its plain wording relates to any and all causes of action mentioned in the section. Appellees further assert that if appellant's construction of the statute is accepted by this court it will negate the 10 year provision and make it useless.

Proper construction is not without difficulty and we must be mindful of the rules of statutory construction. In construing the statutes of this state words and phrases must be construed according

to the context and the approved usage of the language, but technical words and phases which have acquired a peculiar and appropriate meaning in the law shall be construed according to their meaning acquired in the law. (K. S. A. 77-201, *Second.*) A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used. (*City of Overland Park v. Nikias,* 209 Kan. 643, Syl. ¶ 2, 498 P. 2d 56.) In examining an act of the legislature courts are required to consider and construe all parts thereof in *pari materia* (*State v. Dailey,* 209 Kan. 707, Syl. ¶ 3, 498 P. 2d 614) and may consider the historical background of the legislative act (*Curless v. Board of County Commissioners,* 197 Kan. 580, Syl. ¶ 2, 419 P. 2d 876). It is the duty of the courts to reconcile various provisions of an act in order to make them consistent, harmonious and sensible if that can be done without doing violence to plain provisions contained therein. (*State v. Sumner,* 169 Kan. 516, 219 P. 2d 438; *Gnadt v. Durr,* 208 Kan. 783, 786, 494 P. 2d 1219.)

We note that the general prefatory section, K. S. A. 60-510, relating to the limitations prescribed for commencing civil actions other than for recovery of real property, provides that the period of limitation "can only be commenced . . . after the cause of action shall have accrued."

The time when a cause of action accrues and can be commenced has acquired an appropriate meaning in the law of Kansas. The terminology "when a cause of action has arisen" and "when a cause of action has accrued" are synonymous. Both phrases designate that first point in time when one party has the right to sue another for damages suffered. See *Bruner v. Martin,* 76 Kan. 862, 866, 93 Pac. 165, and *Cleghorn v. Thompson,* 62 Kan. 727, 64 Pac. 605.

Prior to 1951 in situations where tortious acts caused immediate damage this court had indicated that the statute of limitations commenced to run at the time of the occurrence of the negligent act. (See *Becker v. Porter,* 119 Kan. 626, 240 Pac. 584, and *Becker v. Floersch,* 153 Kan. 374, 110 P. 2d 752.)

In 1951, however, this court was faced with a clear-cut situation in which the wrongful act occurred more than 2 years prior to the filing of the suit but the resultant damage occurred later. In *Kitchener v. Williams,* 171 Kan. 540, 236 P. 2d 64, suit was brought

within 2 years following the onset of damage. The damage was sustained when gas exploded, and the gas was released into the house by a defective valve on a hot water heater negligently installed by defendant more than 2 years prior to the filing of suit. It was then held that tort actions accrue, not when the alleged tortious act is committed, but on the date substantial injuries result therefrom. Since *Kitchener* was decided this rule has been consistently followed.

For instance, in *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 337 P. 2d 986, it is said:

"It is clear that if claimant has elected to proceed in tort, a cause of action did not survive against the decedent's estate. In *Kitchener v. Williams,* supra, we dealt extensively with the question of when a cause of action in tort accrues. It was there held that not every failure to exercise due care gives rise to a cause of action; for negligence to be actionable, a damage to the plaintiff must have resulted from the wrongful conduct of the defendant, and that a cause of action in tort does not accrue until actual damage has resulted from the alleged negligence. . . ." (p. 504.)

Similar language may be found in *Price, Administrator v. Holmes,* 198 Kan. 100, 104, 422 P. 2d 976. See also *George v. Breising,* 206 Kan. 221, Syl. ¶ 1, 477 P. 2d 983; *Welch v. City of Kansas City,* 204 Kan. 765, Syl. ¶ 5, 465 P. 2d 951, and *Yeager v. National Cooperative Refinery Ass'n,* 205 Kan. 504, Syl. ¶ 7, 470 P. 2d 797.

The rule was codified by K. S. A. 60-510 and carried into that portion of the final one sentence paragraph of 60-513, *supra,* where it is stated:

"The cause of action in this section shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, . . ."

The balance of this one sentence paragraph reads:

". . . [O]r, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action."

This court recently considered this final paragraph of the statute in *Hecht v. First National Bank & Trust Co.,* 208 Kan. 84, 490 P. 2d 649, a malpractice case. After noting the abrupt change wrought by this statute in 1964, the court says:

"Under the new provision the period of limitation does not commence until the act giving rise to the cause of action first causes substantial injury, *or in the alternative,* if the fact of injury is not reasonably ascertainable until sometime

after the initial act, then not until the fact of injury becomes reasonably ascertainable to the injured party." (Emphasis supplied. p. 90.)

This court recognized in *Hecht* the two alternatives. The first alternative which codified the *Kitchener* rule and the second alternative which ameliorated the harsh result of the rule when applied to some of the malpractice cases where substantial injury occurs sometime after the negligent act but may not be ascertainable as such for several years.

In *Jennings v. Jennings*, 211 Kan. 515, 507 P. 2d 241, this court was first called on to construe the effect of the 10 year limitation clause in K. S. A. 60-513 as it relates to actions for relief on the ground of fraud. K. S. A. 60-513 (3) (now 1973 Supp.) provides that such actions "shall not be deemed to have accrued until the fraud is discovered." In *Jennings* this court holds the 10 year limitation clause is not applicable to actions based on fraud and says:

". . . The provision for the ten-year limitation period does not mention fraud or the discovery of fraud, but refers to those cases where the fact of injury may become ascertainable sometime following the act causing the injury. In an action based upon fraud, its discovery is simultaneous with the discovery of the injury resulting therefrom. In order to harmonize the statute and give effect to each of its provisions we must conclude the legislature did not intend that an action based on fraud was subject to the ten-year limitation. . . ." (p. 527.)

The holding in *Jennings* disproves appellees' contention that the 10 year limitation relates to any and all causes of action mentioned in the section for we there held it did not apply to actions for relief on the ground of fraud.

By way of further support to our construction we note that the "substantial injury clause" is separated from the "clause relating to injuries not immediately ascertainable" by a conjunction (or) and that the conjunction is both preceded and followed by a comma. This particular punctuation and sentence structure lends credence to appellant's argument that the 10 year limitation clause which begins with "but in no event" was intended to relate only to that clause which follows the conjunction "or".

Such a construction of the statute follows the rule recognized in *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 438 P. 2d 732, where it is said:

". . . In construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last antecedent, within the meaning of this rule, has

been regarded as the last word [or clause] which can be made an antecedent without impairing the meaning of the sentence." (p. 504.)

While the foregoing rule of statutory construction is not inflexible it clearly has bearing upon the construction to be placed upon the one sentence paragraph now under consideration.

One additional consideration is pertinent. The limitation placed on the various kinds of actions mentioned in K. S. A. 1973 Supp. 60-513 (1) through (6) is a primary limitation period imposed by the statute (2 years). Under K. S. A. 60-510 this primary 2 year period is not to commence until each cause of action shall accrue, *i. e.,* when substantial injury results. The 10 year provision is secondary and speaks to this primary period when it states "but in *no event shall the period be extended* more than ten (10) years beyond the time of the act giving rise to the cause of action." The "period" referred to would appear to be the "period of limitation" mentioned immediately preceding and this refers to the primary 2 year period provided for in the statute. This would indicate to us that the legislature did not intend to place a restriction on the primary 2 year period which commences when the action accrues. It is merely a limitation on the extension of the 2 year period when substantial injury is not immediately ascertainable. If the legislature intended otherwise it could have clearly expressed itself by saying that in no event shall *an action be commenced* more than 10 years beyond the time of the act giving rise to the cause of action. This they did not do. Accordingly we hold that the last clause in this statute, which states "but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action", does not affect or limit the primary 2 year period for bringing an action where the fact of substantial injury is immediately apparent as in the case of an explosion and resulting fire. The provision in K. S. A. 1973 Supp. 60-513 imposing the 10 year limitation is intended to apply only to those cases in which the fact of injury is not reasonably ascertainable until some time after substantial injury occurs. This construction would appear to be consistent and sensible without doing violence to the other provisions of the statute.

In conclusion appellant advances several secondary theories by which she seeks to pursue her claim and elude the bar of the statutes of limitation. She asserts her claim arises from the breach of a contractual duty arising by reason of warranty. Defendants' last

work was completed on this house in 1959. The house was sold to a third party, Charles Hall, in 1960. The Smiths purchased the house 9 years later from the Halls. We fail to see any basis for a contractual action against the defendants. Assuming such an action is alleged, however, any such action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff of the actual injury it has occasioned. In the present case any such breach would have occurred in 1959 and the action would be barred. The statutes of limitation which govern actions based upon contracts (K. S. A. 60-511 and 60-512 as amended) are fatal to any such theory in this case. See *Crabb v. Swindler, Administratrix,* supra; *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 457 P. 2d 1, and *Price, Administrator v. Holmes,* supra.

Appellant argues several additional theories such as continuing and reoccurring negligence and warranty as well as strict liability. These secondary theories of appellant cannot be supported in law under the pleaded and admitted facts of the present case. In view of the nature of the claim plaintiff has pleaded and the law applicable thereto, we see nothing to be gained by setting forth in detail our reasoning which would deny such secondary theories of recovery and uphold the district court's decision thereon. Plaintiff's action should be limited to her claim based on negligent tort.

In summary we hold the period for bringing an action based on negligent tort as limited by K. S. A. 1973 Supp. 60-513 does not begin until the tortious act first causes substantial injury, that appellant's claim based on alleged tort negligence accrued when the explosion and injury occurred on September 17, 1970, that the action on said tort claim was commenced within the primary 2 year period limited by K. S. A. 1973 Supp. 60-513, that the 10 year limitation which limits the extension of said period does not apply when substantial injury is immediately ascertainable, that appellant's claim based on alleged tort negligence is not barred and that the district court erred in entering summary judgment in favor of defendants, Kensinger and White, on said tort claim. Accordingly the summary judgment is affirmed in part and reversed in part and the case is remanded for further proceedings in accordance with the opinions expressed herein.