**Terri E. THOMAS, Plaintiff,**

v.

**HEINRICH EQUIPMENT CORP., a/k/a MPJ Industries, Inc. and Windmoeller & Hoelscher Mashinenfabrik, Defendants.**

**Civ. A. No. 81–2047.**

United States District Court,
D. Kansas.

April 27, 1983.

Jay Thomas, Barnett & Lerner, Overland Park, Kan., Bruce R. Powell, Barnett & Lerner, Kansas City, Kan., for plaintiff.

George Maier, Jr., Weeks, Thomas & Lysaught, Kansas City, Kan., Lawrence A. Rouse, Kirk T. May, Robert L. Driscoll, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant Windmoeller.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter comes before the court on defendant Windmoeller's motion for summary judgment. This is a products liability case involving injury to plaintiff's hand in the rollers of a bagging machine.

Defendant first argues that this case must be dismissed for failure to bring the action within the one-year limitations period found in K.S.A. 44–504(b). The injury occurred September 20, 1979. This case was filed February 25, 1981. In short, this case was filed within the general two-year tort limitation, but over the one-year limitation provided to the employee by the Worker's Compensation Act. K.S.A. 44–504(c) provides in part, that:

> Failure on the part of the injured workman . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman . . .

Since the employer is governed by the two-year statute of limitations found in K.S.A. 60–513, this means that an injured workman must bring his suit within one year, and that failure to do so will result in assignment to his employer of any cause of action in tort against a third party. We cannot agree with defendant, however, that this must result in summary judgment against the plaintiff.

Defendant has cited to this court the case of *Baird v. Phillips Petroleum Co.*, 535 F.Supp. 1371 (D.Kan.1982), as supporting the proposition that an employee may not bring a third-party action solely in his own name after the one-year limit has run. In ruling on the defendant's motion for summary judgment, Judge Saffels stated:

On its face, this statute seems to deprive an employee of his right to sue after one year has elapsed. This, however, is not the interpretation placed on the statute by the Kansas Supreme Court. On the contrary, in a number of cases where suit was brought by an employee after the expiration of the one year period provided by K.S.A. 44–504, it was held that the period of limitations set out in the statute did not prevent an action by an employee thereafter on his own behalf, and on behalf of his employer and compensation carrier. *See, e.g., Klein v. Wells,* 194 Kan. 528, 538, 400 P.2d 1002 (1965); *Bingham v. Hillcrest Bowl, Inc.,* 193 Kan. 201–202, 392 P.2d 942 (1964); *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 88, 283 P.2d 444 (1955). *See also, Hedges v. Fischbach & Moore, Inc.,* No. KC–2507 (D.Kan., 1967, *unpublished*).

The Court concludes that an injured workman can avoid the one year limitation in subsection (b) of K.S.A. 44–504 simply by taking the precaution of pleading his cause of action as one for himself, his employer, and the workmen's compensation insurer as their interests appear. *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968).... Defendant Weber has not alleged that it has been prejudiced by plaintiff's course of pleading in this action to date, and, indeed, it would be difficult to see how defendant Weber could have been prejudiced. *Therefore, plaintiff is directed to amend his complaint to reflect the nature of his suit as being one for himself, his employer, the employer's workman's compensation insurer, as their interests appear. Defendant Weber's motion will, therefore, be overruled.*

*Id.* at 1375 (emphasis added).

In *Doyle v. Colborne Mfg. Co.,* No. 80–2361 (D.Kan., *unpublished,* June 3, 1982) (J. O'Connor), this court held that the worker's compensation carrier is not a real party in interest in a case such as this, and that failure to name the employer and the worker's compensation carrier does not necessitate dismissal of the case:

We note that the pleadings in the present action do not allege it is brought for the benefit of the employer or his workmen's compensation insurer. Older Kansas cases suggest that an action brought by the plaintiff-employee in his name only after the one-year period in K.S.A. 44–504, would be subject to dismissal. See, *e.g., Turner v. Benton* [189 Kan. 97] 325 P.2d 349, 353 (Kan.1958); *Erb v. Atchison, Topeka and Santa Fe Railroad* [180 Kan. 60] 299 P.2d 35, 36–37 (Kan.1956); *Whitaker v. Douglas* [179 Kan. 64] 292 P.2d 688, 693–94 (Kan.1956). The harshness of this rule was substantially lessened in *Lady v. Ketchum,* 186 Kan. 614, 352 P.2d 21 (1960).... The Kansas Supreme Court found the amendment permissible in light of K.S.A. 44–504 since the liability of the tortfeasor remains the same for two years after the injury no matter who brings the action, the employee or the employer....

It would seem then that permitting plaintiff to amend the original petition to allege it was brought for the benefit of plaintiff, his employer and workmen's compensation insurer as their interests appear, would satisfy Kansas substantive law concerning the statute of limitations and K.S.A. 44–504. Since plaintiff-employee has shown an inclination to press his cause of action himself, there has not been a true assignment to the employer or insurer. *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.* [653 F.2d 1378, 10th Cir.1981] *supra.* As there has been no assignment or recovery, the insurer is not a real party in interest. *Pyle v. Kansas Gas and Electric Company* [23 F.R.D. 148, Kan.1959] *supra.*

The other case cited by defendant in its reply brief is *Miller v. Leavenworth-Jefferson Electric Cooperative,* 653 F.2d 1378 (10th Cir.1981). In this case, the court of appeals concluded that the one-year limitation could be avoided by the employee's pleading of the action as one for himself and his employer, as their interests appeared.

In sum, the judicial construction placed on the Kansas workmen's compensation

statute shows that in every real sense the employee is the party with the right to enforce the claim, as well as the manner of its prosecution. It follows, as the district court correctly held, that an employer in a case such as this is the "most nominal of parties."

In this case we will adhere to the *Doyle* and *Baird* decisions and deny defendant's motion for summary judgment. Plaintiff is granted leave to amend her petition to allege the action is brought for the benefit of plaintiff, her employer and the worker's compensation insurer, as their interests appear.

■ Defendant has also moved for summary judgment on plaintiff's claims based on breach of implied warranty. Defendant contends that the U.C.C. four-year statute of limitations [K.S.A. 84–2–725(1)] accrues at the time of sale, and since the sale in the instant case occurred in 1967, plaintiff's breach of warranty claims are time-barred. Defendant relies on *Hansen v. F.M.C. Corp.,* 32 U.C.C.Rep. 828 (D.Kan.1981). *Hansen* was a products liability action for injuries suffered by the plaintiff on a package sealing machine. This court held that questions of later modifications of the machine presented fact questions precluding summary judgment, but held that plaintiff's breach of warranty claim accrued at the time of sale rather than at the time of injury under K.S.A. 84–2–725(2), the U.C.C. provision. Both parties in *Hansen* had agreed that the U.C.C. limitation period applied and this court relied on the case of *Voth v. Chrysler Motor Corp.,* 218 Kan. 644, 545 P.2d 371 (1976). *Voth* was a products liability case where claims were made for breach of express as well as implied warranties. The Kansas Supreme Court held that the accrual of the cause of action for breach of warranty under the U.C.C. is at the time of sale, unless the future performance exception delays the accrual until discovery of the breach:

> With respect to the accrual of a cause of action for breach of warranty, lack of knowledge by the aggrieved party is of no consequence under the express language of subsection (2). Thus, the controlling question stated in simple terms is whether the instant warranty falls within the future performance exception spelled out in subsection (2) of the statute. Does the warranty here *explicitly* extend to future performance *and* must discovery of the breach await such future performance?
>
> \* \* \* \* \* \*
>
> The exception provided in 84–2–725(2) upon which plaintiff relies is written in the conjunctive. It requires that the warranty must explicitly extend to future performance *and* further that discovery of the breach must await the time of such performance.
>
> \* \* \* \* \* \*
>
> Explicit is defined as "characterized by full clear expression: being without vagueness or ambiguity: leaving nothing implied."

218 Kan. at 648, 651, 545 P.2d 371.

Relying in part on *Voth,* Judge Rogers of this district addressed the issue in *Johnson v. Bellanca Aircraft Corp.,* No. 79–4002 (D.Kan., *unpublished,* June 3, 1980):

> Thus, regarding actions for the sale of goods under the U.C.C., the cause of action accrues at the time of the breach regardless of when the plaintiff discovers the breach, unless the future performance exception applies. *Atlas Industries, Inc. v. National Cash Register Co.,* 216 Kan. 213, 531 P.2d 41, 47 (1975); *Leding v. Spider Staging, Inc.,* No. 78–4122 (D.Kan., 2/26/79, unpublished); *Jane C. Stormont Hospital v. Celotex Corp.,* No. 76–135–C5 (D.Kan., 4/5/78, unpublished). The accrual rule applies even though the action involves a claim for personal injury. *See Voth v. Chrysler Motor Corp.,* 218 Kan. 644, 545 P.2d 371, 377 (1976); *Ruthrauff v. Kensinger,* 214 Kan. 185, 519 P.2d 661, 667 (1974); *Derr v. Lull Engineering Co., Inc.,* No. T–4885 (D.Kan., 11/23/73, unpublished); *Smith v. City of Chanute,* No. W–4763 (D.Kan., 10/3/72, unpublished).

Our opinion in *Hansen* also cited the *Johnson* case with approval. The parties in *Hansen,* just as the parties in the instant case, overlooked subsequent Kansas law that affect our opinion.

Several months after Judge Rogers' opinion in *Johnson,* the Kansas Supreme Court issued its opinion in *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980). In that case the Kansas court held that in a products liability action, the accrual of the cause of action for breach of *implied* warranty is not governed by the U.C.C. limitations period: "This is not a contract warranty case. The action was and is essentially a tort action which accrued when the act giving rise to the cause of action first caused substantial injury. K.S.A. 60–513(b)." *Id.* at 449, 618 P.2d 788.

In *Brooks v. Dietz,* 218 Kan. at 701 [218 Kan. 698, 545 P.2d 1104 (1976)], it is pointed out liability for damages resulting from putting a dangerously defective product in commercial channels, although predicated on an implied warranty of fitness and sometimes considered a concept peculiar to the law of contracts, is not the result of an express contract when applied in products liability cases. It is imposed in such cases because of public policy the same as in cases based on other theories of tort liability.... In the final analysis it must be admitted a products liability action based on implied warranty is more akin to an action in tort than one in contract. The general standards of conduct required are implied irrespective of any particular agreement between the parties, just as in any tort case.

*Id.* at 450–51, 618 P.2d 788.

This language is limited to implied warranty cases, and is therefore arguably not applicable to express warranty product liability actions, such as *Hansen.* A problem arises in determining which limitations period the Kansas court would apply in a case where both express and implied warranties are claimed to have been breached (as in *Voth* ), or where plaintiff makes a specific claim under the implied warranties expressly created by the U.C.C. The court in *Ken-*

*nedy* did not distinguish, overrule, or discuss *Voth.* Neither did it explain its rejection of the U.C.C. In fact, express warranties were not mentioned even though such warranties are often made in connection with the sale of goods later claimed to be unreasonably dangerous. Some courts have resolved the issue by excluding remote users, not in privity with the manufacturer, from the limitation period found in the U.C.C. under a third-party beneficiary theory. *Simmons v. American Mutual Liability Ins. Co.,* 433 F.Supp. 747 (S.D.Ala.1976). We need not reach that issue, however, as our reading of *Kennedy* leads us to the conclusion that where, as in the instant case, only a breach of *implied* warranty is claimed in a products liability action, the U.C.C. statute of limitation provisions will not apply, and the cause of action accrues at the time of injury. The general tort two-year statute of limitations governs. To the extent the language in *Hansen* conflicts with this conclusion, it is disapproved.

Tacit support for our conclusion is found in *Ware v. Christenberry,* 7 Kan.App.2d 1, 637 P.2d 452 (1981). In that case, plaintiff alleged that the defendant had breached implied warranties in the construction of plaintiff's house. Defendant argued that the plaintiff's claims sounded in contract rather than tort and were barred by the three-year statute of limitations (K.S.A. 60–512) for "contracts, obligations or liabilities expressed or implied but not in writing." The case did not involve the sale of goods and no mention was made by the court of the U.C.C. limitations period.

An action sounding in contract for breach of an implied warranty is governed by K.S.A. 60–512 and the time begins to run with the breach of the contract regardless of whether the injured party is aware of the breach. *Ruthrauff, Administratrix v. Kensinger,* 214 Kan. 185, 192, 519 P.2d 661 (1974); *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, Syl. ¶ 2, 457 P.2d 1 (1969); *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 507, 337 P.2d 986 (1959). On the other hand, an action in tort for negligence in the breach of an

implied warranty is governed by K.S.A. 60–513 and the time does not begin to run against the cause of action until substantial damage has first occurred, or the fact of injury becomes reasonably ascertainable to the injured party. *Chavez, Executrix v. Saums,* 1 Kan.App.2d 564, 571 P.2d 62, *rev. denied* 225 Kan. 843 (1977).

*Ware, supra,* at 4, 637 P.2d 452.

The court concluded that the plaintiff's claims could sound in either contract or tort, but held that the plaintiff must elect one of the two theories before the case was submitted to the jury.

In this case, plaintiff's claims clearly come within the *Kennedy* rule. This is a products liability action brought under the theories of negligence, strict liability, and breach of implied warranty. The two-year tort statute of limitations found in K.S.A. 60–513 applies; the cause of action accrued at the time of plaintiff's injury. Defendant's motion must therefore be denied.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is denied.