No. 45,023

Naomi F. Thompson, *Appellant*, v. Aetna Life Insurance Company, a Corporation, *Appellee*.

(440 P. 2d 548)

Opinion filed May 11, 1968.

*Lee R. Meador*, of Wichita, argued the cause and was on the brief for the appellant.

*Jerry G. Elliott*, of Wichita, argued the cause, and *George B. Powers, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Benjamin C. Langel, Phillip S. Frick, John E. Foulston,* and *Stanley G. Andeel,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: This is an action by a widow-beneficiary to recover the "double indemnity for accidental death" benefits under a life insurance policy.

Judgment was rendered for defendant insurance company, and plaintiff has appealed.

The insured was an employee of the Boeing Company in Wichita, and was insured under a group life insurance policy which provided for payment of double the amount of the policy in the event the insured met accidental death resulting—

". . . directly and independently of all other causes from bodily injuries . . . sustained solely from accidental means."

An exclusionary clause of the policy provided there was no coverage for accidental death—

"caused directly or indirectly, wholly or partly, or contributed to substantially, by bodily or mental infirmity . . . or any—kind of disease."

Following the death of insured the basic death benefits of the policy were paid to plaintiff. Payment of the double indemnity benefits was refused—hence this action.

On the evening in question the insured, upon returning to his home from work, ate a rather hurried meal—for he was to show a movie film at his church. About 7:15, while carrying his moving picture equipment through a side door of the church, he "bumped" his head on the door. He mentioned the matter to his son, who was with him. He went ahead and showed the film. About 8:30 he packed up his equipment and carried it back down stairs and across the street to his car. He remarked to his wife that he had bumped his head and that it ached terribly. While in the process of driving away from the church he collapsed at the wheel. His wife drove him to a hospital where he died about two hours later.

The pertinent portion of the death certificate stated—

"Cause of Death: Immediate cause (*a*) cerebral hemorrhage; interval between onset and death—3 hours; (*b*) arteriosclerosis—5 years."

The depositions of three physicians were taken, and their medical opinions as to the cause of death were—

One physician, who had treated the insured for an arteriosclerosis condition for several years was of the opinion the bump on the head was in no way connected with the cause of death—cerebral hemorrhage.

Another physician, after reviewing all of the evidence, stated there was no objective evidence that insured had sustained a trauma of any kind and that in his opinion insured died of a spontaneous hemorrhage not associated with trauma.

The other physician was of the opinion it was possible for there to have been a causal relationship between the bump on the head and the massive hemorrhage.

A pretrial conference was held on December 21, 1965, at which time defendant orally moved for summary judgment on the ground that notwithstanding the evidence of the one physician to the effect the bump on the head possibly precipitated the cerebral hemorrhage and ultimate death, recovery was precluded by reason of the exclusionary clause in the policy.

Following some discussion and argument of the matter the court did not rule on the motion but decided that additional medical evidence should be submitted. The matter was continued until

February 28, 1966, but no further action was taken until May 3, 1966. In the meantime, additional medical evidence—as above related—was obtained and the parties submitted briefs on the questions involved. The brief of defendant stated the question to be whether defendant was entitled to summary judgment in view of the fact the most favorable evidence to plaintiff—that of her own doctor—showed that the alleged blow on the head could not have caused death without the presence of an abnormal blood vessel and that the diseased blood vessel played the major part in the whole process. Plaintiff's brief agreed that the question as stated by defendant was the only question and concluded that the matter was a question of law to be determined by the court.

At the second pretrial conference on May 3, 1966, considerable discussion was had. Counsel for defendant stated that all of the evidence was before the court and that the court could weigh it and reach a decision. Counsel for plaintiff replied that the court could determine from the briefs the issues involved. The court inquired if the issue was whether the insured died as a result of accident or as the result of other causes—and both counsel answered in the affirmative. After further discussion the record then shows that counsel for defendant stated—

"Let us see if we can't agree this is it: First, based on the evidence, I think the Court has to determine whether or not the blow that everybody reports the plaintiff received at the side of his head had anything to do with his death. That is the first thing the Court has to decide."

Counsel for plaintiff replied—

"Correct."

Counsel for defendant—

"And the second thing the Court has to decide is whether or not this man had an infirmity in the base of the skull in the vessel, and if he did have that infirmity, whether that infirmity was a major cause of his death and then whether the exceptions in the policy—it says: 'There is no coverage for accidental death caused directly or indirectly, wholly or partially, or contributed substantially by bodily or mental infirmity.'"

The court—

"Now, the only question is whether that clause prevents recovery in this case."

Counsel for defendant—

"That is right."

Counsel for plaintiff—

"You do have the additional question from the evidence to determine whether he had an infirmity."

The court—

"That is included in the question to determine whether this clause of the policy prevents recovery on the policy from all the evidence in the case."

Counsel for plaintiff—

"That is the whole question."

The court made the following order—

"At this second pretrial conference conducted on this 3rd day of May, 1966, counsel for the parties submitted their case to the Court for final determination upon the question as to whether or not the exclusionary clause contained on page 5 of the policy prevents recovery for accidental death or double indemnity within the meaning of the policy. Submitted as evidence for the determination of this case were the deposition of Dr. Arthur Bacon taken on December 20, 1965; the deposition of Larry E. Vin Zant taken on February 8, 1966, together with Defendant's Exhibits 1 and 2 as admitted into evidence this morning. This matter will be taken under advisement and ruled on by letter."

Judgment was rendered on May 27, 1966, and the journal entry thereof, after listing the evidence before the court, recited that counsel had announced and agreed that all of the evidence that would be produced by either the plaintiff or defendant, or both, was before the court, and that counsel had requested the court to study and decide the matter without the necessity of further proceedings—and concluded—

"WHEREUPON, and on the 27th day of May, 1966, the Court found from the evidence that the bump on the head did not cause death. It is doubtful that the bump was a minor contributory factor. Judgment is hereby rendered for the Defendant, with costs."

In her appeal plaintiff contends the court erred—

"1. In failing to determine the legal and only question presented for determination, i. e., whether or not the exclusionary clause contained in the insurance policy prevents the plaintiff's recovery for the accidental death of her husband due to the fact that the insured had an existing condition of arteriosclerosis.

"2. In considering and determining a fact which was not presented for determination, i. e., whether or not the blow on the head sustained by the decedent precipitated his death."

In other words, it is argued that under the pretrial order it was necessarily assumed that the insured suffered a blow on his head which precipitated the cerebral hemorrhage from which he died but that it would not have done so except for the pre-existing arteriosclerosis condition, leaving only the legal question whether

the exclusionary clause prevented recovery—whereas the court went ahead and decided the factual question on the merits. It is further contended that under the rule of *Williams v. General A. F. & L. Assurance Corp.*, 144 Kan. 755, 62 P. 2d 856, and *Williams v. Benefit Trust Life Ins. Co.*, 200 Kan. 51, 434 P. 2d 765, the exclusionary clause would not bar recovery, and this court is urged to reverse the judgment with directions to enter judgment for the amount of accidental death benefits under the policy.

We construe the court's ruling "that the bump on the head did not cause death" as a finding that insured did not meet death through accidental means. As a practical matter, therefore, the question whether the exclusionary clause bars recovery is not reached, and becomes immaterial. That is—even though the case were returned to the trial court with directions to decide the question of the application of the exclusionary clause—which plaintiff contends was the only issue under the pretrial order—and assuming the court did hold the clause did not bar recovery—plaintiff would still be faced with the finding that insured did not meet death through accidental means.

We think, however, there is an additional reason why plaintiff's contentions may not be upheld. Conceding, for the sake of argument—that the pretrial order limited the question before the court to that of the exclusionary clause, and that in a strict technical sense the ultimate ruling of the court went beyond the literal scope of the order—the record in this case discloses clearly that both parties had introduced all of their evidence and in fact had submitted the entire matter for decision. Trial by jury had not been requested. As previously mentioned—when the court inquired if the issue was whether the insured died as a result of accident or as the result of other causes—counsel for plaintiff answered in the affirmative. He also agreed that the first question for determination was whether "the blow that everybody reports the plaintiff received at the side of his head had anything to do with his death."

Under K. S. A. 60-216 the pretrial order here, in effect, may be said to have superseded and replaced the pleadings. In *Forster v. Fink*, 195 Kan. 488, Syl. 2, 407 P. 2d 523—following K. S. A. 60-215 (*b*), it was held that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. From the record it is clear that this entire case was submitted to the court for decision with the consent of both parties. The finding

by the trial court was fully supported by the medical evidence—and it is not contended otherwise. All parties appear to have had their day in court and we find nothing to require a reversal.

The judgment is affirmed.