No. 47,681

RALPH THOMAS HERRELL, by Ralph Herrell, his Father, Natural Guardian and Next Friend, *Appellant,* v. MITZI CAROL MADDUX, *Appellee.*

(535 P. 2d 935)

Opinion filed May 10, 1975.

*J. Stephen Nyswonger,* of Braun & Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun,* of the same firm, was with him on the brief for the appellant.

*Edwin P. Carpenter,* of Topeka, argued the cause, and *Lee Turner* and *Raymond L. Dahlberg,* of Turner, Chartered, of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The accident which sired this lawsuit occurred at the intersection of Fulton and Third Streets in Garden City, Kansas, about 11 p. m., August 8, 1972. The plaintiff, Ralph Thomas Herrell, 18 years of age, was riding his Yamaha motorcycle west on Fulton. The 17-year old defendant, Mitzi Carol Maddux, was driving a Chevrolet automobile east on Fulton. As the defendant was making a left turn at the intersection, the two vehicles collided, and plaintiff's left leg was severely injured.

In answer to special questions submitted, the jury found both drivers guilty of negligence "in failing to keep a proper lookout." The trial court approved the special verdict and entered judgment in favor of the defendant. The plaintiff has appealed.

The principal point on appeal concerns the trial court's ruling permitting the defendant to amend her answer after both sides had rested. It happened like this: In their respective pleadings, plaintiff and defendant accused each other of negligent acts which proximately caused the accident. After a pretrial conference was held, the court entered a pretrial order stating the contentions of each party. The order stated that the plaintiff contended the collision was proximately caused by defendant's negligence in (1) making a left-hand turn directly in front of him, (2) failing to keep a proper lookout and (3) failing to keep her vehicle under proper control, while the defendant, on the other hand, contended the collision was proximately caused by negligence on the plaintiff's part in driving at a high and dangerous rate of speed and a speed so high he could not keep his motorcycle under proper control. The pretrial order concluded with the following paragraph:

"This pretrial order shall supersede all pleadings and shall control the subsequent course of this action and shall not be modified except by the order of the Court on its own motion or on motion by a party to prevent manifest injustice."

After all the evidence had been introduced and both parties had rested, each moved for a directed verdict. Both motions were overruled. The record then reflects that "in informally considering the instructions" the defendant "discovered that the pretrial order does not contain an allegation of contributory negligence with regard to the failure [of plaintiff] to keep a proper lookout." Defense counsel requested the pretrial order be amended to include that as "one of the grounds of negligence for [the] defense."

To this request the plaintiff strongly objected, but to no avail. The judge observed that in the interest of fairness he would have to permit the amendment which would cause a change in instruction No. 2. In this posture the case went to the jury and, as we have heretofore said, the jury found both litigants guilty of failing to keep a proper lookout.

K. S. A. 60-216 relates to pretrial procedure. It provides in effect that the pretrial order shall control the subsequent course of the litigation unless the same is modified by court order to prevent manifest injustice. Speaking on the force of a pretrial order this court, in *Evangelist v. Bellern Research Corporation,* 199 Kan. 638, 641, 433 P. 2d 380, spoke as follows:

"The purpose and effect of a pretrial order is clearly defined by the statutory

and decisional law of this state. As stated in *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912:

" 'The pretrial conference provided for by K. S. A. 60-216 has become an important part of our procedural process designed, among other things, to acquaint each party in advance of trial with the respective factural contentions of the parties upon matters in dispute, thus reducing the opportunity for maneuver and surprise at the trial, and enabling all parties to prepare in advance for trial. . . . Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice (K. S. A. 60-216). . . .' (p. 519.)" (p. 641.)

See, also *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 745, 746, 457 P. 2d 1 and *Apperson v. Security State Bank,* 215 Kan. 724, 528 P. 2d 1211.

In *Thompson v. Aetna Life Ins. Co.,* 201 Kan. 296, 300, 440 P. 2d 548, we said that under K. S. A. 60-216 the pretrial order entered by the court in that case "in effect, may be said to have superseded and replaced the pleadings." It is generally accepted that a pretrial order which specifies the issues to be tried supersedes the pleadings in such respect. (*In re Estate of Wurtz,* 214 Kan. 434, 520 P. 2d 1308.)

A few cases have come our way relating to the amendment of pretrial orders. In *Tillotson v. Abbott,* 205 Kan. 706, 472 P. 2d 240, we upheld the trial court in refusing to allow defendant to amend the pretrial order, at the commencement of trial, by adding an additional ground of defense. We said the trial court has discretion to allow or refuse modification of the pretrial order and its ruling should be upheld absent an abuse of discretion. Similarly, in *Trimble, Administrator v. Coleman Co., Inc.,* 200 Kan. 350, 358, 437 P. 2d 219, we sustained the trial court in overruling plaintiff's motion to amend his pleadings, during trial, to include *res ipsa loquitur,* a doctrine not enumerated in either the petition or the pretrial order. On the other hand, in *Commercial Credit Corporation v. Harris,* 212 Kan. 310, 312, 510 P. 2d 1322, we upheld a ruling made by the court permitting defendant to amend her answer under K. S. A. 60-215 (*b*) four days before trial, by raising an affirmative defense.

However, we have had no occasion to deal with a situation like the one before us now, that is, where the request to amend in a substantial respect came after all parties had rested and instructions had been prepared. Under all the attending circumstances we believe the court erred in permitting the amendment.

The discretion granted the trial court to permit modification of the pretrial order is in the interest of preventing manifest injustice. So far as the present record is concerned, the defendant made no showing of injustice which was manifest or obvious when she moved for the amendment. The shoe of prejudice, in fact, better fit the plaintiff's foot. The sole bit of evidence bearing on plaintiff's failure to maintain a proper lookout came from defendant's 18-year-old brother, Michael, one of five passengers in her car. He was undoubtedly available to the defendant's capable counsel, who surely must have known of Mike's story long before trial date and who certainly should have been familiar with the contents of the court's pretrial order. The plaintiff, on the other hand, could hardly have anticipated or been prepared to meet a brand new ground of defense, raised after all the evidence was in.

What was said in *Schmidt v. Martin*, 212 Kan. 373, 510 P. 2d 1244, is deemed appropriate to the situation at hand. In *Schmidt*, the plaintiffs, husband and wife, sued for the death of their young son, killed in a collision while riding with an uncle with whom he had been left for a short time. At the trial, the driver of the other car was permitted to introduce evidence calculated to establish contributory negligence on the part of the parents in leaving their son with an unsafe driver, the uncle. This defense had not been set out in the pretrial order. After all the evidence was introduced and both parties had rested, the trial court permitted the defendant to amend his answer by adding the new defense.

In the opinion remanding the case for a new trial Mr. Justice Prager, in speaking for the court, said this:

". . . The plaintiffs complain . . . that permitting the defendant to make this late amendment by adding the affirmative defense seriously prejudiced their rights by denying the plaintiffs an opportunity to meet the issue since both of the parties had presented all of their evidence and had rested when the amendment was allowed. We are inclined to believe that the plaintiffs' point is well taken. Plaintiffs were entitled to know at the pretrial conference whether or not the issue of the contributory negligence of the parents in the selection of a custodian was an issue in the case." (pp. 379, 380.)

The defendant suggests that plaintiff has shown no prejudice. We are not prepared to say that after a litigant has prepared and presented his case relying on the issues set out in the pretrial order, a last minute switch in his opponent's position after the parties have rested, may not be prejudicial to his cause. A careful lawyer plans his trial procedure ahead of time—the sequence in which to

present his evidence, the examination and cross-examination of witnesses, the points to stress and the pitfalls to avoid. In other words, he works out a "game plan" and any attempt to counteract a new issue dragged into the case at the eleventh hour may well work to his disadvantage. In objecting to the amendment at the time it was requested, plaintiff's counsel said it would re-emphasize one isolated fact, and this we cannot gainsay.

The plaintiff has also contended, as another point on appeal, that the trial court erred in overruling his motion for directed verdict. This point lacks merit. While the negligence of defendant may be said to have been clearly established, there was also some evidence from which the jury could find negligence on the part of the plaintiff.

Other points raised are not considered in view of our remand of the case.

The judgment of the court below is reversed with directions to grant a new trial.

FROMME, J., not participating.

OWSLEY, J., dissenting: In my judgment the trial court did not abuse its discretion in permitting the amendment and the case should be affirmed. Normally, I would agree with the majority opinion; however, here we have a run-of-the-mill intersection accident. In presenting evidence in this type of litigation, the issue of whether each driver kept a proper lookout had to be covered in order to properly present evidence on the issues stated in the pre-trial order. In fact, the plaintiff testified he saw the defendant's car with its blinker lights on before it turned in front of him. One of the passengers in the car testified the plaintiff was looking north and to his right. The plaintiff could not have been surprised by defense testimony nor could he have prepared any better to meet the issue. I see no prejudice to plaintiff in permitting the amendment under these circumstances. The trial court's action falls far below an abuse of discretion.