THE CITY OF HAMMOND, LAKE COUNTY, INDIANA, A MUNICIPAL CORPORATION *v.* BRUNO DRANGMEISTER AND

LYDIA DRANGMEISTER.

[No. 3-274A22. Filed June 30, 1977. Rehearing denied August 11, 1977. Transfer denied November 4, 1977.]

*John R. Stanish,* City Attorney, of Hammond, *Owen W. Crumpacker, Richard A. Miller,* of Hammond, for appellant.

*George H. Dragus,* of Hammond, *George Vann,* of Kentland, for appellees.

HOFFMAN, J.—This is an inverse action tried by the parties pursuant to the provisions of IC 1971, 32-11-1-12 (Burns Code Ed.). The action arises from the alleged taking of Bruno and Lydia Drangmeister's property by the construction of a street therein by defendant-appellant City of Hammond (City). After an evidentiary hearing based upon a stipulation of facts between the parties, the trial court found that a taking had occurred and appointed appraisers to assess the damages and benefits sustained as a result thereof. The appraisers' report was filed on December 7, 1970. Thereafter, exceptions to such report were filed by the parties and a jury trial requested. Appellees Drangmeister later withdrew their exceptions to the appraisers' report and, subsequently, filed a motion to strike City's exceptions. Thereafter, a pretrial order was entered setting the issue of damages to be tried by a jury and sustaining the motion to strike City's exceptions. Following trial to the jury, a verdict was returned in favor of appellees in the amount of $23,000, plus interest to be computed by the court, and judgment entered thereon in the total amount of $27,934.77.

The issues presented for review are whether the trial court erred in finding that a taking occurred, whether the trial court's order sustaining appellees' motion to strike City's exceptions resulted in there being no issue upon which a trial could be had, and whether the appraisers' report should be set aside.

There are two stages in an action for inverse condemnation. The first stage involves the issue of whether a taking of

property has occurred. At this stage, the landowner must show that he has an interest in land which has been taken for a public use without having been appropriated under eminent domain laws. If the trial court finds that a taking has occurred, the action proceeds to its second stage wherein appraisers are appointed by the court, and damages are assessed. *Schuh* v. *State* (1968), 251 Ind. 403, 241 N.E.2d 362.

The first issue presented for our resolution focuses upon the question of whether a "taking" occurred.[1] "Our review of the trial court's determination that a taking occurred is limited to a consideration of the evidence presented at the evidentiary hearing on this issue." *City of Gary, Etc.* v. *Ruberto* (1976), 171 Ind. App. 1, 354 N.E.2d 786, at 792. Such evidence was presented to the trial court upon a stipulation of facts and exhibits. Such stipulation is mutually binding on the parties, but will not be construed as admitting facts obviously intended to be in controversy. On appeal, we view only the pertinent portions thereof, and these, in a light most favorable to the trial court's finding. *Anuszkiewicz* v. *Anuszkiewicz* (1977), 172 Ind. App. 279, 360 N.E.2d 230.

The stipulation of facts disclose that in August, 1956, appellees became the owners of a certain parcel of real estate. On July 1, 1967, City began construction of a road known as "171st Street" in Hammond, Indiana. The road was constructed over and across the parcel of real estate owned by appellees. Before proceeding with the road construction, the City failed to negotiate with appellees for the purchase, rental or lease of the real estate or to appropriate the real estate under the powers of eminent domain. Such land was taken and appropriated by City without the institution of any proceedings to assess the value of appellees' land or any damages

---

1. A condemning authority has no right to appeal from the interlocutory order finding that a taking has occurred. Rather, any error therein must be raised upon an appeal from the final judgment. *Evansville-Van. Levee Auth. Dis.* v. *Towne Motel, Inc.* (1966), 247 Ind. 161, 213 N.E.2d 705.

suffered. It was further stipulated that since appellees became the owners of the foregoing parcel of real estate, they have occupied and used the whole thereof, including that portion on which 171st Street was constructed.

It was also stipulated that Declaratory Resolution No. 1105 for the opening and widening of what is now known as 171st Street was adopted, that on July 14, 1924, a "Notice of Hearing For Remonstrances" was published and that thereafter Confirmatory Resolution No. 1105 for the opening and widening of 171st Street, which included the parcel of real estate involved in the case at bar, was adopted.

In the trial court, City contended that the Eminent Domain Act of 1905[2] was inapplicable since there was a dedication of the right-of-way to the City. However, there is nothing in the stipulation of facts which support a dedication. On appeal, City concedes in its reply brief that dedication was an unfortunate choice of words to describe the manner in which 171st Street was allegedly obtained by the City and that a more appropriate description of the proceedings is condemnation pursuant to statutory powers.

The Eminent Domain Act of 1905 provides that the failure to take possession of such land and adopt it to the use for which it was appropriated within five years after payment of the award amounts to a forfeiture. IC 1971, 32-11-1-11 (Burns Code Ed.). The City did not use the land for the purpose for which it was appropriated until 1967. Moreover, it has been held that an easement acquired by condemnation proceedings may be lost by nonuser for an unreasonable length of time. 30 C.J.S., *Eminent Domain,* § 457, at 658. Thus there was sufficient evidence to support the finding that a taking had occurred.

The next question to be resolved is whether there was any issue to be presented to a jury by reason of the fact that the

2. IC 1971, 32-11-1-1, *et seq.* (Burns Code Ed.).

trial court granted appellees' motion to strike City's exceptions to the appraisers' award. The record discloses that the appraisers' report was filed with the court on December 7, 1970. On December 17, 1970, each party filed its exceptions to the report and requested a jury trial. The appellees thereafter withdrew their exceptions to the appraisers' award. On April 29, 1971, the appellees filed a motion to strike City's exceptions. Such motion was set for argument at the time of the pretrial conference. The pretrial conference was held on April 23, 1973. The pretrial order listed the question of damages to appellees' real estate as the sole issue to be determined by the jury. The pretrial order further disclosed that appellees' motion to strike City's exceptions was to be sustained. The order book entry sustaining such motion stated that the trial court would consider only those issues properly triable to a jury.

The resolution of the issue presented for review is dependent upon the effect to be accorded the pretrial order. Indiana Rules of Procedure, Trial Rule 16(J), provides, in pertinent part, as follows:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleading, and the agreements made by the parties as to any of the matters considered which limit the issues for trial to those not disposed of by admissions or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice."

A pretrial order delineating the issues of the case supplants the allegations raised in the pleadings and controls all subsequent proceedings in the case. Thus, the issues become those found by the trial court's pretrial order, not the issues raised by allegations in the pleadings. *N. Miami Cons. Sch. Dist.* v. *State* (1973), 261 Ind. 17, 300 N.E.2d 59. *See generally,* Annot., 22 A.L.R. 2d 599, § 4, at 607 (1952) ; 62 Am. Jur. 2d, *Pretrial Conference,* §§ 33-35, at 665-668. Issues raised in the pleadings but not

stated in the pretrial order pass out of the case. Issues stated in the pretrial order but not raised in the pleadings are issues properly triable in the case. 3 Moore's Federal Practice, § 16.19, at 1130 (1974).

The pretrial order in the case at bar sets forth the issue to be tried by the jury as the damages, if any, to appellees' real estate. The issue of damages was thus formed by the pretrial order and properly tried by the jury. The fact that the pretrial order also sustained the motion to strike City's exceptions does not serve to remove the damage issue from the case. Most of the City's exceptions were not addressed to the "assessment of benefits or damages"[3] reflected in the appraisement. The order book entry regarding the motion to dismiss indicates as much by stating that the court would consider only those matters properly triable to a jury. Thus, the pretrial order, when read as a whole, announces the issue to be tried and excises the extraneous matters raised by the exceptions. The issue of damages was therefore properly before the jury.

Appellant also contends that the court appointed appraisers were not sworn as required by law. However, the appraisers report recites that they were "duly sworn and instructed by the Court as to their duties as appraisers." Moreover, appellant makes no attempt to demonstrate how it was harmed by this technical defect, especially in view of the fact that there was a jury trial as to the amount of damages. Thus, the error, if any, was harmless. *See, State* v. *Smith et al.* (1973), 260 Ind. 555, 297 N.E.2d 809.

No reversible error having been found, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 364 N.E.2d 157.

---

3. *See*, IC 1971, 32-11-1-8 (Burns Code Ed.) .