**Brian WHISMAN, Appellant**
**(Plaintiff Below),**

v.

**Lawrence FAWCETT, Fraternal Order of Eagles, Lodge 741, and Veterans of Foreign Wars Post 1987, Appellees (Defendants Below).**

No. 4–982A284.

Court of Appeals of Indiana,
Fourth District.

Dec. 13, 1983.

Rehearing Denied Jan. 18, 1984.

⌧748

Thomas J. Lantz, Montgomery, Elsner & Pardieck, Seymour, for appellant.

Gerald G. Angermeier, Jewell, Crump & Angermeier, Patrick W. Harrison, Cline, King & Beck, Columbus, for appellees.

YOUNG, Judge.

Brian Whisman brought suit against Lawrence Fawcett, Fraternal Order of Eagles Lodge 741 (Eagles), and Veterans of Foreign Wars Post 1987 (V.F.W.) for injuries he suffered when Fawcett's car struck him. After trial, the jury returned a verdict against Whisman in favor of all three defendants. The court entered judgment accordingly, and Whisman appeals, raising several issues. However, because we find that the trial court erred in allowing the defendants to raise issues at trial that were not included in the court's pre-trial order, we need address only that issue.

We reverse.

The facts relevant to this appeal are as follows. On the evening of November 21, 1979, Lawrence Fawcett attended a Thanksgiving dance at the V.F.W. post in Columbus, Indiana. Over several hours, Fawcett drank four beers. Fawcett stayed at the V.F.W. until 10:00 or 11:00 p.m., then went to the Eagles Lodge. Bartenders there testified that Fawcett appeared drunk when he entered the bar, and one bartender refused to serve Fawcett any beer. This bartender testified he did not remember seeing Fawcett when he was not drunk. Fawcett went to another room at the Eagles where a dance was in progress. While he was there, two of his friends each brought Fawcett a beer. He drank one and half bottles of beer and left at 1:00 a.m.

On this same evening, Brian Whisman and three friends split a six-pack of beer—Whisman had two—and went "mudding" in a jeep. They returned to Columbus after midnight. As they drove into town, a Monte Carlo pulled up beside them. Whisman's friend, who was driving the jeep, argued with the other car's driver as they drove along. Finally the cars stopped side by side in the road, blocking both east-bound lanes, and Whisman's friend got out to confront the other driver. Whisman climbed out of the back of the jeep and stood to the rear of the two cars.

At this point Fawcett, who had just left the Eagles, was also east-bound, driving at some distance behind the two cars. Traveling in the left lane, Fawcett saw the Monte Carlo's tail lights in front of him and moved into the right lane. Fawcett testified he did not see the jeep blocking this lane. Fawcett also testified that, as he neared the jeep, Whisman jumped in front of him waving his arms. Whisman denied this. Fawcett applied his brakes but slid into Whisman, pinning him against the jeep. Whisman was seriously injured. As a result of this incident, Fawcett was convicted of driving while under the influence of alcohol. Whisman subsequently sued Fawcett, the Eagles, and the V.F.W. for his injuries, and the matter proceeded to trial, culminating in the judgments for all three defendants.

In challenging these judgments, Whisman argues the trial court erred in allowing the defendants to raise the defenses of contributory negligence and incurred risk, since those defenses were not included in the court's pre-trial order. At the pre-trial conference, held on February 12, 1982, the par-

ties were to submit statements of their contentions to clarify the issues for trial. The V.F.W. contended that the accident was caused, not by its serving beer to Fawcett, but by some other "unforeseeable intervening cause." The Eagles similarly argued that it was not negligent and that the accident was caused by Fawcett's acts rather than any act of the Eagles' employees. Fawcett offered no statement of his contentions. Based on these contentions, the court issued a pre-trial order on the day before trial began, limiting the trial to three factual issues: (1) whether the defendants' negligence proximately caused Whisman's injuries; (2) whether there was an intervening cause of the accident that would exculpate the V.F.W.; and (3) the amount of Whisman's damages. This order was distributed to all parties and signed on April 12, 1982, the first day of trial.

At trial, in his opening argument to the jury, the Eagles' attorney mentioned the defense of contributory negligence. Whisman's attorney immediately objected, arguing that the pre-trial order excluded this issue from the case. The court overruled this objection on the theory that, under Ind.Rules of Procedure, Trial Rule 9.1(A), "the defense of contributory negligence arises as a matter of law whenever a complaint in negligence is filed and ... survives a non-inclusion in the Pre-Trial Order as a contested issue of fact . . . ." The trial court subsequently denied Whisman's motion for a mistrial based on the introduction of the contributory negligence issue. At the close of all evidence, the V.F.W. moved to amend the pleadings to conform to the evidence, which supported a finding that Whisman incurred the risk or was contributorily negligent. The court granted this motion over Whisman's objection. Finally, also over Whisman's objection, the court gave the defendants' tendered instructions on contributory negligence and incurred risk. Whisman contends all of these rulings were erroneous under the court's pre-trial order.

■ This argument calls into question the effect of the court's pre-trial order,

entered pursuant to T.R. 16(J). The purpose of a pre-trial order is to clarify the issues for trial, eliminating litigation of issues not seriously in dispute and preventing surprise at trial. *North Miami Consolidated School District v. State ex rel. Manchester Community Schools,* (1973) 261 Ind. 17, 300 N.E.2d 59; *Wynder v. Lonergan,* (1972) 153 Ind.App. 92, 286 N.E.2d 413. A pre-trial order is a blueprint for the trial, crystalizing the legal and factual issues left unclear by the pleadings and enabling the parties to determine what evidence they will be called upon to produce. *Colonial Mortgage Co. v. Windmiller,* (1978) 176 Ind.App. 535, 376 N.E.2d 529. Thus, a pre-trial order stating the issues to be tried supplants the allegations in the pleadings and controls all subsequent proceedings at trial. *City of Hammond v. Drangmeister,* (1977) 173 Ind.App. 476, 364 N.E.2d 157. The parties may not try issues excluded by the pre-trial order unless it is amended. *North Miami Consolidated School District, supra.*

■ In this case, the defendants argue the issues of contributory negligence and incurred risk were inherent in the larger issues of negligence and proximate cause, which were included in the pre-trial order. Thus, they contend the court did not abuse its discretion in interpreting its order to allow them to raise these issues at trial. This argument is based on T.R. 9.1(A) and *Eagle Motor Lines, Inc. v. Galloway,* (1981) Ind.App., 426 N.E.2d 1322. Neither of these authorities, however, convinces us that contributory negligence and incurred risk were inherently at issue in this case.

■ Trial Rule 9.1(A) provides that contributory negligence may be *pleaded* by an answer denying negligence. Nevertheless, when issues raised in the pleadings are not stated in the court's pre-trial order, those issues pass out of the case. *City of Hammond v. Drangmeister, supra.* Thus, contributory negligence and incurred risk were not inherently at issue in this case by virtue of T.R. 9.1(A). Further, this case is not one, like *Eagle Motor Lines, supra,* in which the "new" issue at trial was impliedly stated in the pre-trial order. In *Eagle Motor*

*Lines,* the plaintiffs' analysis at trial of how the defendant's acts were negligent differed slightly from their pre-trial theory of the case. On appeal, this court held that the trial court did not abuse its discretion in liberally interpreting its pre-trial order to allow the plaintiffs to try all the factual issues implicitly stated in the pre-trial order. By contrast, the contributory negligence theory pursued at trial by the defendants here was totally different from the issues of negligence and proximate cause stated in their pre-trial contentions. Thus, the trial court could not properly have interpreted the pre-trial order in this case as impliedly raising the issues of contributory negligence and incurred risk.

■ Nor can the trial court's decision to allow these defenses be upheld on the theory that the court, by granting the defendants' motion to amend the pleadings to conform to the evidence, was exercising its discretionary power to modify its pre-trial order. It is true that a trial court has broad discretion to modify its pre-trial order. *Dominguez v. Gallmeyer,* (1980) Ind. App., 402 N.E.2d 1295. Further, since a pre-trial order supplants the pleadings at trial, *City of Hammond v. Drangmeister, supra,* a court may treat a motion to amend the pleadings to conform to the evidence as a motion to modify the pre-trial order. *See Deakyne v. Commissioners of Lewes,* (3d Cir.1969) 416 F.2d 290. Nevertheless, a court may modify its pre-trial order only when modification is necessary "to prevent manifest injustice." T.R. 16(J). From this it follows that a pre-trial order may not be modified where the moving party fails to show modification is necessary to prevent manifest injustice.

In this case, there was no showing that modification of the pre-trial order to include contributory negligence and incurred risk was necessary to prevent manifest injustice. The defendants were well aware they would be relying on these theories when, on the first day of trial, they signed the pretrial order. They make no claim that they discovered the evidence supporting these defenses after the pre-trial conference. The only excuse the defendants offer for failing to disclose their contentions of contributory negligence and incurred risk at pre-trial is that T.R. 9.1(A) relieved them of any responsibility to disclose these theories. As we have already held, T.R. 9.1(A) could not support a finding that contributory negligence was inherently at issue here; nor could T.R. 9.1(A) support a modification of the pre-trial order to include contentions carelessly or intentionally concealed by the defendants at the pre-trial conference. Under these circumstances, we cannot see how modification of the pre-trial order was necessary to prevent manifest injustice.

The facts in this case are similar to those in *Herrell v. Maddux,* (1975) 217 Kan. 192, 535 P.2d 935. In *Herrell,* the defendant sought to amend the pre-trial order at the close of all evidence to allow her to submit an instruction on the plaintiff's contributory negligence. The trial court allowed this amendment, and the jury found for the defendant. On appeal, the Kansas Supreme Court held the trial court erred in allowing this issue, which was not raised in the pre-trial order, to go to the jury. In so holding, the court noted that the manifest injustice, if any, was caused by modifying the order:

> The defendant suggests that plaintiff has shown no prejudice. We are not prepared to say that after a litigant has prepared and presented his case relying on the issues set out in the pretrial order, a last minute switch in his opponent's position after the parties have rested, may not be prejudicial to his cause. A careful lawyer plans his trial procedure ahead of time—the sequence in which to present his evidence, the examination and cross-examination of witnesses, the points to stress and the pitfalls to avoid. In other words, he works out a "game plan" and any attempt to counteract a new issue dragged into the case at the eleventh hour may well work to his disadvantage.

217 Kan. at 195–96, 535 P.2d at 938.

■ In this case, as in *Herrell,* the pre-trial order was not amended to include the issue of contributory negligence until the

close of all evidence. Indeed, the defendants did not disclose their theory that Whisman was contributorily negligent per se in violating Ind.Code 7.1–5–7–7 (prohibiting minors' consumption of alcoholic beverages) until they tendered final instructions. Under these circumstances, Whisman was not required to make a particularized showing that he was prejudiced by the defendants' last-minute change in their theory of the case. Rather, prejudice could be presumed. *See Herrell, supra.* In light of this prejudice and the defendants' failure to offer any excuse for not disclosing their theory of defense before trial, we hold that the trial court abused its discretion by amending the pre-trial order and allowing the defendants to raise contributory negligence and incurred risk at trial. We may not dismiss this violation of the Trial Rules as harmless error. *See Otte v. Tessman,* (1981) Ind., 426 N.E.2d 660. The trial court erred in allowing the defendants to raise the issues of contributory negligence and incurred risk at trial and in giving the defendants' tendered instructions on these defenses. We assume that, if the defendants wish to raise these issues on retrial, they will disclose them in a more timely way as T.R. 16 requires.

The trial court's judgment is reversed.

CONOVER, P.J., and MILLER, J., concur.