(152 P.3d 101)
No. 96,455

FOUR SEASONS APARTMENTS, LTD., *Appellant*, v. AAA GLASS SERVICE, INC., *Appellee*.

Opinion filed February 23, 2007.

*Thomas A. Krueger*, of Krueger Law Offices, of Emporia, for appellant.

*Monte L. Miller*, of Miller & Larson, Chtd., of Emporia, for appellee.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

MCANANY, J.: Four Seasons Apartments, Ltd. (Four Seasons) challenges the commencement date for the running of the statute of limitations for its claim arising under the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*, and for its claim for breach of an implied warranty. We conclude that the district court correctly dismissed these claims based upon the applicable statute of limitations.

In 1993 Four Seasons entered into an oral contract with AAA Glass Service, Inc. (AAA) for the purchase and installation of new doors in one of Four Seasons' apartment buildings in Emporia. Although the Emporia Fire Department inspected the apartments for building code violations on three separate occasions, it failed to notice that the doors did not meet building code regulations until March 17, 2005. It notified Four Seasons of this discovery on April 1, 2005.

On May 13, 2005, Four Seasons filed suit against AAA for breached of an implied warranty of fitness for a particular purpose. It later amended its claim to include a claimed violation of the KCPA, specifically K.S.A. 50-626(b)(1)(D), which relates to deceptive acts and practices.

AAA moved to dismiss based upon the applicable 3-year statute of limitations. The parties agreed that Four Seasons had 3 years to commence its action pursuant to K.S.A. 60-512. Four Seasons claimed, however, that the limitation period did not begin to run until April 1, 2005, when it was informed of the code violation. The issue was deferred to trial. Following a bench trial, the district court ruled that the 3-year time period under K.S.A. 60-512 began

to run in 1993 and plaintiff's 2005 claims are now time-barred. Four Seasons appeals.

We have unlimited review over the interpretation and application of a statute of limitations. *Beltz v. Dings*, 27 Kan. App. 2d 507, 510, 6 P.3d 424 (2000). We are not bound by the trial court's interpretation of the statute. See *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006).

### 1. Consumer Protection Claim

First, Four Seasons contends that the trial court failed to address the applicable legal principles regarding the statute of limitations for the KCPA claim. This argument fails for two reasons. First, given our standard of review we can independently analyze and apply the appropriate statute of limitations. The record now before us is adequate for that task. Second, the district court did state its legal principles when it cited K.S.A. 60-512(2) and *Alexander v. Certified Master Builders Corp.*, 268 Kan. 812, 1 P.3d 899 (2000), in its memorandum decision in determining that the statute of limitations for a violation of the KCPA is 3 years.

Reaching the heart of the matter, Four Seasons next argues that the trial court erred in determining that its claim accrued in 1993 when AAA installed the doors. It argues that it did not learn of the defects in the doors until 2005, and that the period of the statute of limitations began to run at that time.

K.S.A. 60-512 imposes a 3-year limitation period which applies to KCPA actions. *Alexander*, 268 Kan. at 824. The statute, however, does not specify when the limitation period commences. Four Seasons solves this omission by reading a discoverability provision into the statute.

Four Seasons relies upon *Alexander v. Certified Master Builder Corp.*, 43 F. Supp. 2d 1242 (D. Kan. 1999), in which the court read a discoverability provision into the statute based upon the similarity of a KCPA claim to a common-law fraud claim. We note that this theory was rejected by our court in *Johnsmeyer v. Hanover Development Co. II*, No. 93,158, unpublished opinion filed October 7, 2005. Relying on *Haag v. Dry Basement, Inc.*, 11 Kan. App. 2d 649, 732 P.2d 392, *rev. denied* 241 Kan. 838 (1987), the court

in *Johnsmeyer* determined that KCPA claims and common-law fraud claims are not the same and, therefore, the discoverability rule in K.S.A. 60-513(b) is not applicable to KCPA claims. *Johns-meyer*, slip op. at 10.

We agree with *Johnsmeyer*. Nevertheless, we need not rely exclusively on *Johnsmeyer* to resolve the present dispute. Four Seasons and *Alexander* (the federal case) justify engrafting a discoverability provision onto K.S.A. 60-512(2) because of the similarity between its KCPA claim and a common-law fraud claim. However, they do so without including a period of repose that is found in virtually every statute of limitation which contains a discoverability provision.

AAA installed the doors in 1993. Four Seasons commenced this action in 2005, 12 years later. If Four Season's KCPA claim were analogous to a fraud claim, as advanced by *Alexander*, one would expect a period of repose to accompany the discoverability provision. For example, our statute of limitations for fraud claims includes in K.S.A. 60-513(b) the following:

"[B]ut in no event shall such an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

The parties agree that K.S.A. 60-512, the 3-year statute of limitations, controls. It extinguishes the right to bring an action on a KCPA claim after 3 years. After that, the claim still exists but the statute bars plaintiff from obtaining any relief on it. A statute of repose, on the other hand, extinguishes the cause of action after a stated period. K.S.A. 60-513(b) quoted above is a statute of repose. See *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 668-69, 831 P.2d 958 (1992). A statute of repose "abolishes the cause of action after the passage of time *even though the cause of action may not yet have accrued.*" (Emphasis added.) 250 Kan. at 668.

An examination of our statutes of limitation shows that with only two specialized exceptions, those statutes which contain a discoverability or similar-type provision invariably include a statute of repose which extinguishes a claim after a period of time. K.S.A. 60-508(a) allows persons under legal disabilities to bring an action to recover real property within 2 years after their disability is re-

moved, but in no event later than 23 years after the cause of action accrued. K.S.A. 60-515 relates to other claims by persons with legal disabilities. It allows them to bring actions within 1 year after their disability is removed, subject to an 8-year period of repose. K.S.A. 60-513, discussed earlier, covers more than fraud. It includes a discoverability provision for medical negligence claims, but extinguishes any such claim 4 years after the cause of action arises. K.S.A. 60-513(c). The statute also contains a discoverability provision for claims by a corporation against its officers or directors. Any such claims are subject to a 5-year period of repose when the claim is for negligence and a 10-year period for other claims. K.S.A. 60-513(d). K.S.A. 60-513b includes a discoverability provision on claims for ionizing radiation injury, but claims are subject to a general 10-year period of repose and a 4-year period of repose on related medical negligence claims.

There are exceptions to our conclusion that periods of repose always accompany a discoverability provision in a statute of limitations. The only exceptions we find are in K.S.A. 60-523 and K.S.A. 60-524. The former relates to causes of action for childhood sexual abuse. The latter relates to claims of "fraud, brought by, or on behalf of, any Dalkon Shield victim against the Dalkon Shield claimant's trust." K.S.A. 60-524. The unique nature of these claims does not support the notion that a discoverability provision in a statute of limitations does not necessarily include a period of repose.

The applicable statute of limitations, K.S.A. 60-512, does not contain a discoverability provision. In accord with *Johnsmeyer*, we find no justifiable basis for creating one where none exists. However, even if one were engrafted onto the statute, it would necessarily be accompanied by a period of repose, as our legislature has invariably enacted in related statutes of limitation which contain discoverability provisions. We conclude that had there been a discoverability provision in K.S.A. 60-512, Four Seasons' KCPA claim would have been extinguished before commencement of this action by any possible period of repose. The district court did not err in sustaining AAA's motion to dismiss this claim.

### 2. *Implied Warranty Claim*

Four Seasons claims the district court mischaracterized its implied warranty claim by not recognizing that it was brought under the KCPA, thereby causing it to enjoy some deferential status. Throughout the proceedings in the district court Four Seasons characterized its implied warranty claim as separate and apart from its KCPA claim. Having failed to raise this contention before the district court, Four Seasons cannot raise it for the first time in this appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003).

Four Seasons claims it did not discover the breach until 2005. We will not repeat our earlier discussion on this point. It also argues that it suffered no damages until 2005. Thus, it argues, its cause of action for breach of implied warranty accrued in 2005 and it commenced this action in timely fashion.

Implied warranties arise by operation of law to protect a contracting party from injury when the subject matter of the contract does not conform to the normal commercial standards or fails to meet the party's known particular purpose. *Zenda Grain & Supply Co. v. Farmland Industries, Inc.*, 20 Kan. App. 2d 728, 737, 894 P.2d 881, *rev. denied* 257 Kan. 1096 (1995). A claim for breach of an implied warranty is governed by the 3-year statute of limitations, K.S.A. 60-512, since it is based upon "contracts, obligations or liabilities expressed or implied but not in writing." Generally, " '[a] cause of action accrues when the right to institute and maintain a suit arises, or when there is a demand capable of present enforcement. [Citations omitted.]' " *Beckman v. Kansas Dept. of Human Resources*, 30 Kan. App. 2d 606, 611, 43 P.3d 891 (2002) (quoting *Holder v. Kansas Steel Built, Inc.*, 224 Kan. 406, 410, 582 P.2d 244 [1978]). Breach of implied warranty claims accrue for statute of limitations purposes when the contract is breached " 'regardless of whether the injured party is aware of the breach.' " *Zenda*, 20 Kan. App. 2d at 743 (quoting *Ware v. Christenberry*, 7 Kan. App. 2d 1, Syl. 1, 637 P.2d 452 [1981]). *Zenda* controls.

Four Seasons' reliance on *Thomas v. Heinrich Equipment Corp.*, 563 F. Supp. 152 (D. Kan. 1983), is misplaced, since the breach

in *Thomas* was determined to be a tort action, not a contract action as the one here before us. Likewise, *Sampson Const. Co. v. Farmers Coop. El. Co., Marshall, Okl.*, 382 F.2d 645 (10th Cir. 1967), and related cases do not advance Four Seasons' cause. In *Sampson* the claimed breach related to the future performance of defendant's product. Based on this prospective warranty, the court ruled that the statute of limitations did not begin to run on the plaintiff's claim until the product failed. In our case, the breach occurred at the time the doors were sold and installed, since the claimed implied warranty related to their compliance with the local building code *at the time*. Thus, the breach occurred in 1993.

The 3-year statute of limitations on Four Seasons' claim for breach of an implied warranty of fitness for a particular purpose began to run in 1993 when AAA sold and installed the doors. The district court correctly determined that the claim was barred by the statute of limitations.

Affirmed.