NOT DESIGNATED FOR PUBLICATION

No. 115,197

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MAHNAZ CONSOLVER,
*Appellant*,

v.

BRAD PISTOTNIK,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS ROTH, judge. Opinion filed June 23, 2017. Affirmed.

*Stephen L. Brave*, of Brave Law Firm, LLC, of Wichita, for appellant.

*N. Russell Hazlewood* and *Nathan R. Elliott*, of Graybill & Hazlewood, LLC, of Wichita, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  Mahnaz Consolver sued Bradley A. Pistotnik in Sedgwick County District Court for violating the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*, and for breaching a contract she entered with his law firm to represent her. The district court entered judgment for Pistotnik, finding the statute of limitations had run on the KCPA claims and that he personally was not a party to the contract and, therefore, could not be liable for the alleged breach. On Consolver's appeal, we find the district court's ultimate conclusions to be correct and affirm the judgment in Pistotnik's favor.

1

In April 2011, Consolver hired Pistotnik's law firm to represent her in recovering for injuries she received in a motor vehicle collision earlier that year. She fired the firm and Pistotnik at the end of June 2012 in the midst of that litigation and settled her personal injury case with the help of another lawyer about a year later. Consolver and Pistotnik had been mired in a fee dispute arising out of their attorney-client relationship and that suit. See *Consolver v. Hotze*, 51 Kan. App. 2d 286, 346 P.3d 1094 (2015), *rev'd* 306 Kan. ___ (No. 110,483, filed June 9, 2017).

In the meantime, Consolver filed this suit as a class action against Pistotnik and his law firm on July 9, 2015. She filed an amended petition 3 weeks later and in October dismissed the law firm as a party, leaving Pistotnik personally as the sole defendant. No class has ever been certified. In November, Pistotnik filed a motion for judgment on the pleadings, interposing a statute of limitations defense to the KCPA claims and lack of personal liability on the contract. Consolver brought no other claims in her action. She duly responded to Pistotnik's motion.

In December, the district court issued a written decision granting Pistotnik's motion and entering judgment against Consolver. Consolver has appealed.

LEGAL ANALYSIS

We first take up the breach of contract claim and then address the alleged KCPA violations, adding facts and procedural history as necessary for each.

*Breach of Contract Claim*

Consolver entered the contract with Affiliated Attorneys of Pistotnik Law Offices, a Kansas corporation. Pistotnik signed the contract on behalf of the corporation. So far as the record indicates, Pistotnik was the only lawyer for the firm who worked on

2

Consolver's personal injury action. After Consolver terminated the contract, Pistotnik filed a statutory attorney's lien for fees and expenses arising from his work on that case. See K.S.A. 7-108. That lien has now been resolved between Consolver and Pistotnik. See *Consolver*, No. 110,483, filed June 9, 2017).

In her amended petition in this case, Consolver alleged that the filing of the attorney's lien amounted to a breach of the employment contract. She also alleged the expenses asserted in the lien were inflated, constituting a second breach of the contract. Consolver did not attach a copy of the contract to her amended petition, but Pistotnik included copies of the contract and the attorney's lien as exhibits to his answer. The district court "took notice" of the contract in ruling on Pistotnik's motion for judgment on the pleadings.

In ruling on a defendant's motion for judgment on the pleadings, as provided in K.S.A. 2016 Supp. 60-212(c), the district court must accept the factual representations in the pleadings in the best light for the plaintiff and then essentially ask whether those representations along with any reasonable inferences drawn from them would warrant relief for the plaintiff on some legal theory. If so, the motion should be denied. *Rector v. Tatham*, 287 Kan. 230, Syl. ¶ 1, 196 P.3d 364 (2008); *Nelson Energy Programs v. Oil & Gas Technology Fund*, 36 Kan. App. 2d 462, 472, 143 P.3d 50 (2006) (noting standard and its applicability to motions under K.S.A. 60-212[b][6] or [c]).

Procedurally, the district court properly considered the contract itself, even though it was not part of the amended petition or submitted as an exhibit with that pleading. As provided in K.S.A. 2016 Supp. 60-209(h), a party pleading a claim in a petition based on a written instrument must set forth the terms of the document or append a copy of it. So Consolver's well-pleaded petition would have and should have included the contract with Pistotnik's law firm. In turn, a district court may consider documents attached to a petition in ruling on a motion to dismiss under K.S.A. 2016 Supp. 60-212(b)(6) or (c).

3

*Sperry v. McKune*, 305 Kan. 469, 480, 384 P.3d 1003 (2016). Commonly, a district court ruling on a motion for judgment on the pleadings also may consider material documents submitted with the answer or otherwise undisputed documents central to the dispute submitted with the motion. See *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 164-65 (4th Cir. 2016) (applying Fed. R. Civ. P. 12, a counterpart to K.S.A. 2016 Supp. 60-212); *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (applying federal rule).

Key here substantively, Kansas law recognizes that a corporate agent typically will not be held personally liable for breach of a contract he or she has signed on behalf of the corporation. *Jeanes v. Bank of America*, 40 Kan. App. 2d 281, 306, 191 P.3d 325 (2008), *aff'd* 296 Kan. 870, 295 P.3d 1045 (2013). Consolver's petition did not allege factual circumstances that would support a deviation from the general rule. In other words, she did not claim some basis for looking behind the corporate form to hold Pistotnik personally liable for violating the agreement. Accordingly, the district court properly applied the usual law of corporate liability. Pistotnik, therefore, had no personal liability for any alleged breach of the contract between Consolver and the law firm. And Consolver had voluntarily dismissed the law firm as a defendant before the motion was filed.

The district court ruled correctly in dismissing the breach of contract claim, and we affirm that ruling.

*KCPA Violations*

The disposition of the KCPA claims is more involved in part because the claims themselves are not especially well defined in the amended petition. Consolver appears to allege these circumstances as violations of the KCPA: (1) Pistotnik used false or at least misleading advertising about the law firm's success to lure Consolver and others to hire

4

the firm to represent them; (2) the advertising made false or misleading statements about a client's responsibility for case expenses; (3) the firm had a practice of overcharging for case expenses; and (4) the attorney's lien Pistotnik filed in Consolver's personal injury case sought to recover fees and expenses contrary to the terms of the employment contract. Consolver's brief on appeal summarizes the claims that way. We presume without deciding that Consolver's amended petition stated claims that would be violations of the KCPA.

In his answer, Pistotnik asserted the running of the limitations period as an affirmative defense to those claims. And he argued that defense in his motion to dismiss on the pleadings. The district court necessarily relied on the lien notice and the employment contract in ruling on the motion. We believe the district court properly did so, since those documents were integral to the KCPA claims, and their authenticity was undisputed.

The district court, however, also took judicial notice of the entire court file in the personal injury case. We think that went too far. A district court may take notice of its own files. *In re A.S.*, 12 Kan. App. 2d 594, 598, 752 P.2d 705 (1988). The rule obviously covers indisputable facts, such as when a document was filed with the court, the content of the document, and the entry and content of orders and rulings. At the same time, wholesale notice of an entire court file from a separate case in conjunction with a motion to dismiss likely would convert the motion to one for summary judgment. See K.S.A. 2016 Supp. 60-212(d).

Those procedural wrinkles do not, however, amount to reversible error here. Assuming Pistotnik's motion to dismiss were converted to a summary judgment motion, Consolver at no point requested leave of the district court to supplement the factual record or to withhold judgment to allow additional discovery. In her reply brief, Consolver argued both that Pistotnik's motion to dismiss should be treated as one for

summary judgment and that it failed to support summary judgment. As we outline, the district court could have granted the motion to dismiss on some of the claims on statute of limitations grounds without taking notice of the court file in the personal injury action. And the district court could have properly entered summary judgment on the remaining claims.

A motion to dismiss on the pleadings may be granted when those filings, along with properly considered documents such as the contract and lien notice here, demonstrate an insuperable legal bar to recovery. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (considering Fed. R. Civ. P. 12[b][6]); *Enterprise Bank & Trust v. Barney Ashner Homes, Inc.*, No. 106,588, 2013 WL 1876293, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1201 (2013). A properly preserved and supported limitations defense would be such a bar. See *Stormont-Vail Healthcare, Inc. v. Zoble*, No. 103,353, 2010 WL 4157102, at *5 (Kan. App. 2010) (unpublished opinion). Likewise, a district court may grant summary judgment on a statute of limitations defense if the defendant has presented sufficient uncontroverted facts to establish it. *Golden v. Den-Mat Corporation*, 47 Kan. App. 2d 450, 497, 276 P.3d 773 (2012).

Consolver's KCPA claims are governed by the 3-year statute of limitations in K.S.A. 60-512(2). *Alexander v. Certified Master Builders Corp.*, 268 Kan. 812, 824, 1 P.3d 899 (2000); *Golden*, 47 Kan. App. 2d 450, Syl. ¶ 6. Claims of the sort Consolver asserts under the KCPA become actionable—triggering the limitations period—when the consumer suffers legal harm or, in the words of the Act, is "aggrieved." K.S.A. 50-634; *Finstad v. Washburn University*, 252 Kan. 465, 472, 845 P.2d 685 (1993); *Four Seasons Apts. v. AAA Glass Service, Inc.*, 37 Kan. App. 2d 248, Syl. ¶ 10, 152 P.3d 101 (2007). The limitations period starts running when the consumer becomes aggrieved, even if he or she fails to recognize the harm. *Four Seasons Apartments*, 37 Kan. App. 2d 248, Syl. ¶ 10. A consumer may be aggrieved under the KCPA without having suffered a direct

monetary loss—acting on a statutorily defined deceptive or unconscionable practice to select a provider of covered goods or services may be enough. See *Via Christi Regional Med. Center, Inc. v. Reed*, 298 Kan. 503, 519, 314 P.3d 852 (2013) (direct financial loss not necessary for KCPA violation).

With those principles in mind, we review the district court's ruling on Consolver's KCPA claims. The district court properly granted the motion for judgment on the pleadings as to those claims Consolver based on the law firm's purportedly deceptive advertising. For purposes of the KCPA, Consolver became aggrieved as a result when she selected Pistotnik's law firm out of the universe of available law firms to represent her. That's true even though she paid no fees to the law firm at that time. Rather, taking the allegations as true, Consolver was gulled out of a fair opportunity to select a different lawyer—a harm the KCPA presumably would recognize as actionable, thereby allowing the consumer to recover a statutory civil penalty and attorney fees at a minimum. See K.S.A. 2016 Supp. 50-626(b)(2) (proscribed deceptive acts include "willful use of . . . exaggeration [or] falsehood . . . as to any material fact" in consumer transaction); K.S.A. 50-634(b) (consumer may recover greater of actual damages or civil penalty); K.S.A. 50-634(e) (prevailing party may be awarded reasonable attorney fees).

As we have said, the district court properly considered the employment contract in ruling on the motion. The contract was signed on April 1, 2011. Consolver did not file this action until July 9, 2015. The action, therefore, was commenced beyond the 3-year statute of limitations as to those claims, and the district court properly dismissed them.

Consolver has separately alleged Pistotnik had a practice of assessing case expenses using unreasonable or false amounts and willfully concealed that practice in violation of the KCPA. The district court could take notice that in the personal injury case an order was entered on July 2, 2012, granting the motion of Pistotnik and the firm to withdraw as counsel for Consolver. We suppose that may have technically converted the

7

motion to one for summary judgment. Substantively, whether viewed in the context of a motion to dismiss or for summary judgment, the circumstances show Pistotnik would not have incurred case expenses chargeable to Consolver after the representation ended and would not have misled Consolver about the firm's practices in billing for expenses after that point. So the date the attorney-client relationship terminated marked the last possible time Pistotnik could have violated the KCPA based on the alleged deceptive practice. Consolver's action in this case was filed more than 3 years later and, thus, beyond the limitations deadline. The district court properly granted judgment to Pistotnik on that claim.

Consolver's remaining KCPA claim rests on the attorney's lien Pistotnik filed after he was terminated as counsel in the personal injury action. Consolver contends the lien violated the KCPA because the expenses included in the amount Pistotnik claimed were inflated in breach of the employment contract. The contract called for Consolver to pay "actual expenses" out of any settlement or judgment in the personal injury case. She asserts Pistotnik marked up the expenses over the actual costs, in effect seeking a premium or profit on them.

Consolver's claim seems to be that the lien violated the KCPA because it did not conform to the contract and, at least implicitly, the law firm's advertising. The alleged violation arises from the discrepancy between the contract and the lien. So the violation—assuming the allegations to be a violation—occurred when Pistotnik filed the lien on July 2, 2012. At that point, Consolver would have been aggrieved by the lien and could have recovered at least a civil penalty and her attorney fees for pursuing the KCPA claim. That the lien later encumbered the settlement funds doesn't alter the violation or legal basis for liability but arguably affects the measure of damages resulting from the violation. Accordingly, the 3-year limitations period began to run when Pistotnik filed the attorney's lien. The period expired shortly before Consolver filed this case. The district

8

court, therefore, appropriately entered judgment against Consolver based on Pistotnik's statute of limitations defense.

In closing, we button up several other aspects of Consolver's action against Pistotnik.

First, to bolster her KCPA claims, Consolver relies heavily on *Reed*, 298 Kan. 503, but the case has nothing to say about the statute of limitations bar she must overcome. In *Reed*, the court determined a person receiving medical care from a hospital could be aggrieved within the meaning of the KCPA if the hospital filed a lien for services containing significant overcharges and entries for treatment never provided. 298 Kan. at 520. The court recognized that the lien did so by encumbering settlement proceeds due Reed, at least until the legal propriety of the lien could be determined. 298 Kan. at 519-20. But the court did not declare an actual encumbrance to be a necessary condition for Reed to have been aggrieved under the KCPA and at least intimated the filing of a deceptive lien might be sufficient. 298 Kan. at 520 ("[A]lthough we agree that Reed qualifies as aggrieved, that status is limited and linked to Via Christi's filing of the lien and its supporting bill and its pursuit of the lien's enforcement.").

The court went on to reverse a summary judgment entered in favor of Via Christi, finding Reed had presented sufficient evidence of deceptive acts or practices violating the KCPA to warrant submitting those claims to a jury and further finding the district court had incorrectly analyzed the alleged unconscionable acts and practices, thereby requiring further proceedings on those claims. 298 Kan. at 529-30. The timeliness of Reed's KCPA claims was not an issue before the court.

We are not disposed to tease a precedential message out of *Reed* about an issue the parties apparently never presented and the court certainly didn't consider, let alone decide. Nor is there something in the *Reed* court's analysis of the issues it did address that

*a fortiori* directs an obvious resolution of the statute of limitations defense asserted here. In short, *Reed* does not ride to Consolver's rescue.

Next, in her amended petition, Consolver included a separate count for declaratory relief based on the KCPA violations. As pleaded, the claim may have been made on behalf of members of the proposed class. But no class was ever certified, so the count would be a nullity in that respect. *Chamberlain v. Farm Bureau Mut. Ins. Co.*, 36 Kan. App. 2d 163, 178, 137 P.3d 1081, *rev. denied* 282 Kan. 788 (2006) ("If the claims of a proposed class representative become moot before the ruling on class certification, both the individual and class action claims must be dismissed."). To the extent Consolver sought a declaration of rights as to her own claims, that would be redundant of the claims themselves. A request for a declaratory judgment may not be used to circumvent valid defenses to a legal claim based on the same underlying dispute. Just as Consolver's actual claims fell to the limitations defense, so, too, would her count for a declaratory judgment. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 897, 179 P.3d 366 (2008) ("[A]ctual cases and controversies are still required" in suits seeking declaratory relief.); *Santa Rosa KM Assocs. v. Principal Life Ins. Co.*, 41 Kan. App. 2d 840, 858, 206 P.3d 40 (2009) (purpose of declaratory judgments "'"is to settle actual controversies"'").

For the reasons we have outlined here, we find the district court ultimately ruled correctly in entering judgment against Consolver and in favor of Pistotnik on her claims for breach of the employment contract and for violation of the KCPA.

Affirmed.